# Exhibit A

**State Court Records in**
*RAM Hotel Management LLC, et al. v. Hartford Fire Insurance Company, et al.*, **Case No. 2021CV345760 (Ga. Super. Ct., Fulton Cnty.)**

## Case Information

# RAM Hotel Management, LLC, Niravana Hospitality, LLC, Columbus Hospitality, LLC, RAM Alpharetta Hospitality, LLC, and RajAbhinand Hotel, LLC VS. Hartford Fire Insurance Company, and City of Alpharetta

2021CV345760

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Fulton - Superior Court | Civil | DECLARATORY JUDGMENT CIVIL | 2/11/2021 |

| Judge | Case Status |
|---|---|
| MCBURNEY, ROBERT | Open (Open) |

## Parties [7]

| Type | Name | Attorneys |
|---|---|---|
| DEFENDANT | Hartford Fire Insurance Company | |
| DEFENDANT | City of Alpharetta | |
| PLAINTIFF | RAM Hotel Management, LLC | ALSTON E. WALDRIP |
| PLAINTIFF | Niravana Hospitality, LLC | ALSTON E. WALDRIP |
| PLAINTIFF | Columbus Hospitality, LLC | ALSTON E. WALDRIP |
| PLAINTIFF | RAM Alpharetta Hospitality, LLC | ALSTON E. WALDRIP |
| PLAINTIFF | RajAbhinand Hotel, LLC | ALSTON E. WALDRIP |

## Events [13]

| Date | Event | Type | Filing Description | Documents |
|---|---|---|---|---|
| 2/11/2021 | Filing | SUMMONS | FOR SERVICE | SUMMONS.pdf |
| 2/11/2021 | Filing | Plaintiff's Original Petition | For Declaratory Judgment and Damages | COMPLAINT.pdf |
| 2/11/2021 | Filing | NOTICE | Of Taking Deposition of City of Alpharetta | NOTICE.pdf |
| 2/11/2021 | Filing | NOTICE | Of Taking Deposition of Hartford Fire Insurance Company | NOTICE.pdf |
| 2/11/2021 | Filing | CERTIFICATE | Rule 5.2 Certificate of Discovery | CERTIFICATE.pdf |
| 2/11/2021 | Filing | CASE INITIATION FORM | COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES | CASE INITIATION FORM.pdf |
| 2/11/2021 | Filing | REQUEST | Plaintiffs First Discovery Requests to Defendant City of Alpharetta | REQUEST.pdf |
| 2/16/2021 | Filing | APPLICATION FOR PRO HAC VICE | Pro Hac Vice Application for Clyde O'Neal Westbrook | APPLICATION FOR PRO HAC VICE.pdf |
| 2/16/2021 | Filing | APPLICATION FOR PRO HAC VICE | Pro Hac Vice Application for James Harris | APPLICATION FOR PRO HAC VICE.pdf |
| 2/22/2021 | Filing | SHERIFF'S ENTRY OF SERVICE | Sheriff's Entry of Service- Hartford Fire Insurance Company | SHERIFF'S ENTRY OF SERVICE.pdf |
| 3/4/2021 | Filing | AMENDED COMPLAINT | First Amended and Restate Complaint for Declaratory Judgment and Damages | AMENDED COMPLAINT.pdf |
| 3/15/2021 | Filing | SHERIFF'S ENTRY OF SERVICE | CORPORATION SERVED | SHERIFF'S ENTRY OF SERVICE.pdf |
| 3/16/2021 | Filing | SHERIFF'S ENTRY OF SERVICE | Sheriff's Entry of Service to Hartford Fire Insurance Company | SHERIFF'S ENTRY OF SERVICE.pdf |

[Notice of Removal, Exhibit A, Page 1]

Version: 2020.12.0.3128



Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Ram Hotel Management, LLC, Niravana
Hospitality, LLC, Columbus Hospitality LLC
RAM Alpharetta Hospitality, LLC and RajAbhinand
Hotel, LLC
**Plaintiff,**

) Case
) No.:   2021CV345760

vs.

Hartford Fire Insurance Company

and City of Alpharetta
**Defendant**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

W. Donald Morgan, Jr.
P.O. Box 2056
Columbus, GA 31902

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___2/11/2021_____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk.

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 3]

Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

RAM HOTEL MANAGEMENT LLC,　　　)
NIRAVANA HOSPITALITY, LLC,　　　)
COLUMBUS HOSPITALITY, LLC,　　　)
RAM ALPHARETTA HOSPITALITY, LLC,　)
RAJABHINAND HOTEL, LLC　　　　　)
　　　　　　　　　　　　　　　　)　　**CASE NO.:** 2021CV345760
　　　　**Plaintiffs,**　　　　　)
　　　　　　　　　　　　　　　　)　　**JURY TRIAL DEMANDED**
**V.**　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
**HARTFORD FIRE INSURANCE**　　　)
**COMPANY, AND CITY OF ALPHARETTA,**　)
　　　　　　　　　　　　　　　　)
　　　　**Defendants.**　　　　　)

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

### THE PARTIES

1.　　The Plaintiffs in this action are four single-entity limited liability companies and a management company, RAM Hotel Management, LLC ("RAM Hotel Management"). All plaintiffs are Georgia limited liability companies.

2.　　The four single-entity limited liability company Plaintiffs each own a single hotel and conduct business at their locations in Georgia. Plaintiff RAM Hotel Management does business throughout Georgia. Plaintiff RAM Alpharetta Hospitality, LLC ("RAM Alpharetta Hospitality") does business in the City of Alpharetta, Georgia.

3.　　Defendant Hartford Fire Insurance Company ("Hartford") is a foreign insurance company registered to conduct business in Georgia. At all times relevant hereto, Hartford conducted business in Fulton County, Georgia.

4.　　Defendant City of Alpharetta is a municipal corporation located in Fulton County, Georgia.

1

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 4]

## JURISDICTION

5.     This Court has jurisdiction pursuant to Article 6, § 1, ¶ I of the Georgia Constitution and Section 15-6-8 of the Code of Georgia.

## VENUE

6.     Venue is proper in Fulton County, Georgia pursuant to Sections 9-10-93 and 33-4-1 of the Georgia Code. The City of Alpharetta is located in Fulton County, a substantial part of the events giving rise to the claim occurred in Fulton County, one of the hotels insured by Hartford is located in Fulton County, and Hartford has done business in Fulton County at all times relevant hereto.

## FACTUAL BACKGROUND

7.     In 2019, Hartford issued a Special Multi-Flex Business Insurance Policy, no. 20 UUN KL7438, with a policy period of April 21, 2019 to April 21, 2020 (the "2019 Policy"). Plaintiff RAM Hotel Management is the named insured in the 2019 Policy. The 2019 Policy provided coverage for hotels located in Alabama and Georgia. Additional hotels located in Georgia and Alabama were added through subsequent endorsements to the 2019 Policy. As of March 4, 2020, four hotels located in Georgia were covered by the 2019 Policy. The 2019 Policy refers to the hotels and the RAM Hotel Management corporate offices as "Scheduled Premises." Plaintiffs paid all premiums required to maintain the 2019 Policy.

8.     Each of the four Georgia hotels is owned by a different single-entity limited liability company that is a Plaintiff in this action. Each of the four single-entity limited liability company Plaintiffs was named as an additional insured in the 2019 Policy or an

2

Copy from re:SearchGA    [Notice of Removal, Exhibit A, Page 5]

endorsement thereto. A schedule showing the ownership of each hotel is attached hereto as Exhibit A.

9.      The 2019 Policy was an "all-risk" policy that included business interruption insurance coverage. Business interruption insurance coverage is intended to indemnify the insured against losses arising from the inability to continue normal business operations and functions due to loss or damage suffered as a result of an insured hazard. In the 2019 Policy, the business interruption insurance coverage was called "Business Income and Extra Expense Coverage." Under this coverage, Hartford agreed to:

> pay up to the Business Income and Extra Expense Limit of Insurance . . . for the actual loss of Business Income you sustain and the actual, necessary and reasonable Extra Expense you incur due to the necessary interruption of business operations during the Period of Restoration due to direct physical loss of or direct physical damage to property caused by or resulting from a Covered Cause of Loss at 'Scheduled Premises' where a limit of insurance is shown for Business Income and Extra Expense.

10.     In the 2019 Policy, the limit of insurance per occurrence under the "Business Income and Extra Expense Coverage" was \$29,600,000. Through subsequent endorsements to the 2019 Policy, the limit was increased to \$37,880,000.

11.     The "Business Income and Extra Expense Coverage" in the 2019 Policy included additional "Civil Authority" coverage, which extended the insurance:

> to apply to the actual loss of Business Income you sustain and the actual, necessary and reasonable Extra Expense you incur when access to your 'Scheduled Premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of the 'Scheduled Premises.'

12.     The "Business Income and Extra Expense Coverage" in the 2019 Policy also included additional "'Fungus', Wet Rot, Dry Rot, Bacteria and Virus" coverage ("Virus Coverage"). The Virus Coverage applied whenever the presence of a virus resulted from

3

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 6]

a "specified cause of loss" other than fire or lightning or when the loss or damage was otherwise attributable to fungus, wet rot, dry rot, bacteria, or virus. The specified causes of loss were identified in the policy and included losses resulting from "vandalism." "Vandalism" is an undefined term in the 2019 Policy, but generally means an act intended to result in damage to property or injury to persons.

13.    The "Business Income and Extra Expense Coverage" in the 2019 Policy also included additional "Ingress and Egress" coverage ("Ingress and Egress" coverage). The Ingress and Egress coverage provided coverage when a covered cause of loss to property at premises contiguous to any of the Scheduled Premises prohibited ingress and egress to the Scheduled Premises.

14.    The 2019 Policy also provided extended income and future earnings coverages for business income losses incurred until business and income at the hotels are back to normal, up to two (2) years after the date of the cause of the loss.

15.    In 2020, Hartford renewed policy no. 20 UUN KL7438 with a policy period of April 21, 2020 to April 21, 2021 (the "2020 Policy"). The 2020 Policy provides coverage to RAM Hotel Management, the four single-entity limited liability companies, and the "Scheduled Premises" that is substantially similar to the coverage provided in the 2019 Policy. At inception, the limit of insurance (per occurrence) under the "Business Income and Extra Expense Coverage" of the 2020 Policy was $28,882,913. Plaintiffs have paid all premiums required to maintain the 2020 Policy. Plaintiffs were not involved in drafting the substantive provisions in the 2019 Policy or the 2020 Policy.

16.    Sometime during or before 2019, the Chinese government was involved in developing, researching, and/or testing a novel "coronavirus," now known as SARS-CoV-

4

[Notice of Removal, Exhibit A, Page 7]

2, at one or more laboratories located in or around Wuhan, China. As a result of conduct intended to cause damage and/or injury to persons and/or property, the coronavirus was released from one or more laboratories and began to spread among the local population. Many people exposed to the coronavirus became ill with a communicable disease now known as COVID-19.

17.     The coronavirus is transmitted through the air and through contact with physical surfaces. It remains infectious for an extended period in the air and on physical surfaces. Its presence causes loss and damage by rendering the air and any contaminated physical surfaces unsafe and a potential source of infection.

18.     In late 2019 or early 2020, the coronavirus migrated to the United States. The publication of instances of severe illness and death among aged or infirm persons stoked fears of an uncontrollable and apocalyptic pandemic. Those fears were based on an irrational belief that a significant number of people who become infected and develop COVID-19 will die. In fact, research shows that the infection fatality rate is something less than 1% among the entire population.

19.     Due to the coronavirus' presence in Georgia, on March 14, 2020, Governor Brian Kemp declared a state of emergency for the State of Georgia. By doing so, Georgia fell in line with several other states that lacked adequate knowledge of the disease but had peremptorily declared a public health emergency based on irrational fear, not science.

20.     On April 1, 2020, the City of Alpharetta adopted an emergency "shelter in place" ordinance that ordered residents to shelter in place due to the presence of the

5

Copy from re:SearchGA

coronavirus. The order severely restricted residents' ability to travel to, from, and within the City of Alpharetta.

21.     On April 2, 2020, the State of Georgia issued a shelter in place order. The order severely restricted travel to and throughout the state of Georgia.

22.     Plaintiffs suffered direct physical loss and/or damage as a result of the coronavirus, COVID-19, the pandemic, the City of Alpharetta's shelter in place ordinance, the State of Georgia's shelter in place order, and/or similar orders issued in other states. The presence of the coronavirus damaged the Scheduled Premises and rendered them, and the area and property around and contiguous to them, unsafe. The coronavirus, COVID-19, the governmental orders, and/or fear of the pandemic caused a severe drop in Plaintiffs' business as travelers who otherwise would stay at Plaintiffs' hotels stayed at home or made alternative lodging arrangements. Every Plaintiff suffered significant losses year over year due to a precipitous decline in room rentals. The significant losses Plaintiffs have suffered as a result of the coronavirus, COVID-19, the pandemic, and/or the governmental orders fall within the coverage provisions of the 2019 Policy and the 2020 Policy.

23.     On or around May 1, 2020, Hartford's Agent/Broker, Marsh & McLennan Agency, LLC, provided Hartford with notice of claims under the 2019 Policy and the 2020 Policy on behalf of Plaintiffs due to loss and damage resulting from the coronavirus and the civil authority orders that interrupted Plaintiffs' business operations.

24.     On or around May 8, 2020, Hartford denied the claim. Hartford took the position that it was not liable for any loss or damage related to the coronavirus or the civil authority orders. Counsel for Plaintiffs requested that Hartford reconsider the denial.

6

Hartford did not respond.

25.     Since Hartford denied the claim, Plaintiffs have continued to sustain damages. Plaintiffs calculated their lost profits as of October 31, 2020 to be in excess of $2,100,000. Plaintiffs anticipate that before the disruptions caused by the coronavirus, COVID-19, the various shelter in place orders, the pandemic, and/or the fear and concern that has reduced travel in and to Georgia resolve and normal operations and income are restored, their lost profits damages will exceed $5,700,000. In addition, Plaintiffs have incurred substantial costs and expenses as a result of the coronavirus, the governmental orders, and/or fear of the pandemic.

26.     On September 29, 2020, Plaintiff RAM Alpharetta Hospitality provided the City of Alpharetta with a statutory notice of its claim relating to losses and damages it has sustained as a result of the City of Alpharetta's shelter in place ordinance.

27.     Plaintiffs have satisfied all conditions precedent to the maintenance of this action.

## COUNT ONE: DECLARATORY JUDGMENT

28.     Plaintiffs adopt and incorporate paragraphs 1 – 27 as if fully set forth herein.

29.     Plaintiffs seek a declaratory judgment relating to the present controversy. A bona fide, actual, and present practical need exists for a declaratory judgment regarding Hartford's obligations under the 2019 Policy and the 2020 Policy. Plaintiffs and Hartford have actual, present, adverse, and antagonistic interests in the subject matter of the relief Plaintiffs request.

30.     The 2019 Policy and the 2020 Policy provide all risk coverage for the losses and damages caused by the coronavirus, COVID-19, the pandemic, the various shelter

7

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 10]

in place and stay at home orders issued by state and local governments, and/or the public's general fear of the pandemic. Plaintiffs' reasonable expectations were that the insurance policies would provide coverage for loss and damage resulting from viruses, communicable diseases, and governmental orders that resulted in the interruption of their businesses. This includes the current coronavirus, the pandemic, and/or the shelter in place orders.

31.     Plaintiffs sustained loss and damage as a direct result of the presence of the coronavirus and COVID-19, the governmental orders, and/or fear of the pandemic among the population. The coronavirus caused loss and/or damage to Plaintiffs' hotels. Due to the virus' presence, governmental orders, and/or the pandemic, individuals who otherwise would stay at Plaintiffs' hotels did not travel or made alternative lodging arrangements, resulting in an "interruption" of business operations at the hotels, as that term is defined in the 2019 Policy and the 2020 Policy.

32.     The 2019 Policy and the 2020 Policy do not contain any exclusions for loss or damage resulting from the coronavirus, COVID-19, communicable diseases, a pandemic, governmental orders, or fear of a pandemic. Such loss and damage does not logically align with any exclusion found in the 2019 Policy or the 2020 Policy. The policies' virus exclusion does not apply because the loss or damage falls outside the scope of the exclusion and/or within the scope of the Virus Coverage. Neither the virus exclusion nor any other exclusion specifically precludes coverage for the coronavirus, COVID-19, communicable diseases, a pandemic, governmental orders, or fear of a pandemic. No other exclusion contained in the 2019 Policy or the 2020 Policy precludes coverage.

8

Copy from re:SearchGA

33. The Virus Coverage provides coverage for Plaintiffs' losses. The presence of the coronavirus resulted from an act of vandalism that allowed the coronavirus to escape into the general population, ultimately migrating to the United States. Vandalism is a "specified cause of loss" under both the 2019 Policy and the 2020 Policy. Alternatively, Plaintiffs' losses and damages otherwise resulted from the virus and therefore fall within the Virus Coverage provision.

34. The coronavirus' presence also caused loss and damage to property throughout the state, including areas immediately surrounding each of the Scheduled Premises. As a result of the presence of the coronavirus, COVID-19, the pandemic, and/or fear of the pandemic, the City of Alpharetta, the State of Georgia, and other state and local governments issued shelter in place orders. The orders prevented and/or sufficiently discouraged individuals who otherwise would have lodged at Plaintiffs' hotels from traveling or caused them to make other lodging arrangements. Plaintiffs' losses and/or damages resulting from the orders fall within the scope of the Civil Authority coverage provided by the 2019 Policy and the 2020 Policy.

35. The coronavirus' presence also caused loss and/or damage to property and premises contiguous to the Scheduled Premises. As a result, ingress and egress to the Scheduled Premises was prohibited, and Plaintiffs suffered losses and damages caused by a significant reduction in the numbers of hotel guests.

36. Plaintiffs purchased the 2019 Policy and the 2020 Policy expecting to be insured against losses, including, without limitation, business income losses at the Scheduled Premises.

9

[Notice of Removal, Exhibit A, Page 12]

37.     Plaintiffs purchased the 2019 Policy and the 2020 Policy with the expectation that they were purchasing policies that would provide coverage in the event their businesses were interrupted and/or they incurred extra expenses as a result of damages caused by COVID-19, the governmental orders, and the pandemic.

38.     Plaintiffs had a reasonable expectation that their policies' business interruption coverage applied where a civil authority issued orders such as the shelter in place orders issued by local and state governments such as the City of Alpharetta, the State of Georgia, and others throughout the nation that resulted in the interruption of Plaintiffs' business and caused Plaintiffs to incur extra expenses.

WHEREFORE, Plaintiffs demand a judgment in their favor declaring:

A.     That the coronavirus, COVID-19, the governmental orders, the pandemic, and/or the public's fear of the pandemic have caused direct physical loss and/or direct physical damage to Plaintiffs' hotels and to property contiguous to and in the immediate area of Plaintiffs' hotels;

B.     That the 2019 Policy and the 2020 Policy provide coverage for the losses and/or damages sustained by Plaintiffs' hotels;

C.     That the Virus Coverage provides coverage for the losses and/or damages sustained by Plaintiffs' hotels;

D.     That the Civil Authority coverage provides coverage for the losses and/or damages sustained by Plaintiffs' hotels;

E.     That the Ingress and Egress coverage provides coverage for the losses and/or damages sustained by Plaintiffs' hotels;

10

Copy from re:SearchGA

F.    That the extended income and future earnings provisions extend the coverages provided by the 2019 Policy and the 2020 Policy to such time as Plaintiffs' hotels' normal operations and profits are restored, up to two (2) years following the date of the cause of the loss.

G.    That no exclusion precludes coverage for the losses and/or damages sustained by Plaintiffs' hotels.

Plaintiffs also seek costs, attorneys' fees, and such further relief as the Court deems just and equitable.

### COUNT TWO: BREACH OF CONTRACT

39.    Plaintiffs adopt and incorporate paragraphs 1 – 38 as if fully set forth herein.

40.    Hartford breached the 2019 Policy and the 2020 Policy by: (1) failing to pay for Plaintiffs' actual business income losses and extra expenses incurred due to the necessary interruption of their business operations; (2) denying liability under the Business Income and Extra Expense Coverage provided by the 2019 Policy and the 2020 Policy; (3) denying liability under the Civil Authority coverage provisions of the 2019 Policy and the 2020 Policy; (4) denying liability under the Virus Coverage provided by the 2019 Policy and the 2020 Policy; and/or (5) relying on inapplicable and/or unenforceable policy exclusions to refuse to provide coverage for Plaintiffs' losses and damage.

41.    Plaintiffs have sustained losses and damages as a result of Hartford's breach of the 2019 Policy and 2020 Policy. These include, without limitation, lost profits. Plaintiffs' lost profits to date have exceeded $2,100,000 and are anticipated to exceed $5,700,000.

11

Copy from re:SearchGA

WHEREFORE, Plaintiffs demand judgment against Hartford for compensatory damages, including, without limitation, lost profits, in an amount to be determined by a jury as a result of Hartford's breach of the 2019 Policy and the 2020 Policy. Plaintiffs also seek costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

### COUNT THREE: BAD FAITH

42.     Plaintiffs adopt and incorporate paragraphs 1 – 41 as if fully set forth herein.

43.     Hartford owed Plaintiffs a duty of good faith with respect to its performance of its contractual obligations under the 2019 Policy and the 2020 Policy.

44.     Hartford breached its duty of good faith in the performance of its obligations under the 2019 Policy and the 2020 Policy. Hartford knew that it had no legitimate basis for refusing to provide coverage. Further, Hartford failed to conduct a material or adequate investigation of Plaintiffs' claims, applied an unreasonably restrictive construction to the policies' coverage provisions, applied an unreasonably broad construction to the policies' exclusions, failed to properly evaluate the claims, created its own debatable reason for denying the claims, and/or relied on ambiguous, inapplicable, and/or unenforceable policy provisions in an effort to avoid performance of its contractual obligations and deny the claims. Hartford's conduct constituted a bad faith breach of the 2019 Policy and the 2020 Policy.

45.     Plaintiffs have sustained damages as a result of Hartford's breach of its obligation of good faith.

46.     Hartford is liable to Plaintiffs for bad faith denial of coverage under the 2019 Policy and the 2020 Policy.

12

Copy from re:SearchGA

WHEREFORE, Plaintiffs demand judgment against Hartford for compensatory, statutory, and punitive damages, including, without limitation, lost profits, in an amount to be determined by a jury. Plaintiffs also seek costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

### COUNT FOUR: NEGLIGENT, WANTON, AND RECKLESS CONDUCT BY THE CITY OF ALPHARETTA

47.     Plaintiffs adopt and incorporate paragraphs 1 – 46 as if fully set forth herein.

48.     The City of Alpharetta negligently, wantonly, and/or recklessly adopted the shelter in place ordinance. The City of Alpharetta failed to investigate adequately the harm the coronavirus posed to the public and the harm a shelter in place ordinance would pose to the economic interests of businesses such as Plaintiffs that rely on individuals' freedom to travel. The City of Alpharetta owed duties to Plaintiff RAM Alpharetta Hospitality to adequately and properly consider the economic harm the shelter in place ordinance would cause to RAM Alpharetta Hospitality, and breached its duty by failing to do so.

49.     As a direct and proximate result of the City of Alpharetta's wrongful adoption of the shelter in place ordinance, Plaintiff RAM Alpharetta Hospitality has suffered loss and damage. The City of Alpharetta owed a duty to Plaintiff RAM Alpharetta Hospitality to adequately and properly to consider the economic harm the shelter in place ordinance would cause to RAM Alpharetta Hospitality, and breached its duty by failing to do so. The City of Alpharetta failed to tailor its "shelter in place" ordinance to protect RAM Alpharetta Hospitality's business interests. The City of Alpharetta should have adopted less restrictive methods for addressing the spread of the coronavirus, by limiting the order to ordering mask wearing, social distancing, temperature taking, and/or other less restrictive

13

Copy from re:SearchGA

ways to curb the coronavirus's spread rather than including in its ordinance an order that individuals shelter in place. Any additional protection gained by ordering citizens to shelter in place was marginal in relation to the substantial disruption that occurred to the economy and to RAM Alpharetta Hospitality's business as a result of the order to shelter in place.

50.    As a direct and proximate result of the City of Alpharetta's wrongful adoption of the shelter in place ordinance, Plaintiffs RAM Alpharetta Hospitality suffered loss and damage. Hotel revenues and profits dropped significantly following the imposition of the shelter in place ordinance, and Plaintiff RAM Alpharetta Hospitality has incurred extra expenses as a result of the ordinance. It continues to lose revenue and incur extra expenses as a result of the City of Alpharetta's shelter in place order.

51.    The City of Alpharetta has liability insurance that provides coverage for the claims asserted against it by RAM Alpharetta Hospitality in this litigation.

52.    The City of Alpharetta is liable to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's wrongful conduct.

WHEREFORE, Plaintiff RAM Alpharetta Hospitality demands judgment against the City of Alpharetta for damages, including, without limitation, lost profits, in an amount to be determined by a jury. Plaintiff RAM Alpharetta Hospitality also seeks costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

### COUNT FIVE: NEGLIGENT, WANTON, RECKLESS, ARBITRARY, AND CAPRICOUS VIOLATION OF STANDARDS ESTABLISHED BY STATUTORY LAW BY THE CITY OF ALPHARETTA

53.    Plaintiffs adopt and incorporate paragraphs 1 – 52 as if fully set forth herein.

54.    The City of Alpharetta negligently, wantonly, recklessly, arbitrarily, and/or capriciously adopted the shelter in place ordinance in violation of the due process

14

Copy from re:SearchGA

protections guaranteed by the Georgia Constitution. In addition, Plaintiff RAM Alpharetta Hospitality was denied a meaningful opportunity to be heard before the City of Alpharetta adopted the shelter in place ordinance,

55.    As a direct and proximate result of the City of Alpharetta's wrongful adoption of the shelter in place ordinance, Plaintiff RAM Alpharetta Hospitality has suffered loss and damage, including, without limitation, lost profits.

56.    The City of Alpharetta is liable to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's wrongful conduct.

WHEREFORE, Plaintiff RAM Alpharetta Hospitality demands judgment against the City of Alpharetta for damages, including, without limitation, lost profits, in an amount to be determined by a jury. Plaintiff RAM Alpharetta Hospitality also seeks costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

## COUNT SIX: DEMAND BY RAM ALPHARETTA HOSPITALITY FOR JUST COMPENSATION FROM THE CITY OF ALPHARETTA PURSUANT TO THE CONSTITUTION OF THE STATE OF GEORGIA

57.    Plaintiffs adopt and incorporate paragraphs 1 – 56 as if fully set forth herein.

58.    The "Just Compensation" clause of the Constitution of the State of Georgia, Article 1, § 3, ¶ 1, provides that no governmental entity shall take or damage property without just compensation. The Just Compensation clause is applicable to the City of Alpharetta.

59.    The City of Alpharetta's adoption of the shelter in place ordinance caused damage to RAM Alpharetta Hospitality and/or constituted a "taking" of RAM Alpharetta Hospitality's property that requires just compensation pursuant to the Constitution of the State of Georgia. The shelter in place ordinance deprived RAM Alpharetta Hospitality

Copy from re:SearchGA

from receiving the economic benefits it was entitled to pursue as a business entity organized and existing pursuant to the laws of the State of Georgia.

60.    The City of Alpharetta is obligated to provide just compensation to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's adoption shelter in place ordinance.

WHEREFORE, Plaintiff RAM Alpharetta Hospitality demands judgment against the City of Alpharetta for just compensation for the lost income, revenues, and profits Plaintiff RAM Alpharetta Hospitality sustained as a result of the City of Alpharetta's adoption of the shelter in place ordinance, and such further relief that the Court deems just and equitable.

Respectfully submitted this 11th day of February, 2021.

MORGAN & LYLE, P.C.

By: _____

W. Donald Morgan, Jr.
Georgia Bar No. 523150
Alston E. Lyle
Georgia Bar No. 982584
Attorneys for Plaintiff

MORGAN & LYLE, P.C.
P.O. Box 2056
Columbus, GA 31902
(706) 221-5286
dmorgan@morganandlyle.com
alyle@morganandlyle.com

**JURY DEMAND**

**Plaintiffs demand a trial by struck jury.**

_____

Counsel for Plaintiff

16

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 19]

**DEFENDANTS TO BE SERVED BY PROCESS SERVER:**

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

17

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 20]

| GEORGIA HOTELS | | |
|---|---|---|
| **Entity** | **Hotel Brand** | **Property Address** |
| RAM Hotel Management, LLC | Corporate Office | 233 12th St Suite 301 Columbus, GA 31901 |
| Niravana Hospitality, LLC | Home2 Suites By Hilton | 1664 Whittlesey Rd Columbus, GA 31904 |
| Columbus Hospitality, LLC | Best Western | 4027 Veterans Ct Columbus, GA 31909 |
| RAM Alpharetta Hospitality, LLC | Home2 Suites By Hilton | 12075 Morris Road Alpharetta GA 30004 |
| RajAbhinand Hotel, LLC | Residence Inn by Marriott | 2670 Adams Farm Dr, Columbus, GA 31909 |

EXHIBIT A

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 21]

Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

RAM HOTEL MANAGEMENT LLC,　　　　)
NIRAVANA HOSPITALITY, LLC,　　　　　)
COLUMBUS HOSPITALITY, LLC,　　　　　)
RAM ALPHARETTA HOSPITALITY, LLC,　)
RAJABHINAND HOTEL, LLC　　　　　　　)　　CASE NO.: 2021CV345760
　　　　　　　　　　　　　　　　　　　　　)　　＿＿＿＿＿＿＿＿＿＿
Plaintiffs,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
HARTFORD FIRE INSURANCE　　　　　　　)
COMPANY, AND CITY OF ALPHARETTA,　　)
　　　　　　　　　　　　　　　　　　　　　)
Defendants.　　　　　　　　　　　　　　　)

### NOTICE OF TAKING DEPOSITION
### OF CITY OF ALPHARETTA

**PLEASE TAKE NOTICE** that on the date listed below, or at such other date and time as may be agreed by counsel, Plaintiffs will take the deposition of the witness named below, pursuant to the Georgia Civil Practice Act, before a Notary Public or other officer authorized by law to administer oaths. Such deposition shall be taken for the purpose of discovery or for use as evidence in this action, and will continue from time to time until completed, at which time and place you are notified to appear and take such part in the examination as shall be fit and proper:

| | |
|---|---|
| **DEPONENT:** | **CITY OF ALPHARETTA** |
| **DATE:** | **Friday, July 18, 2021** |
| **TIME:** | **1:00 p.m., or immediately following the completion of the deposition of Hartford Fire Insurance Company** |
| **PLACE:** | **Morgan & Lyle, P.C.**<br>**1214 First Avenue**<br>**Suite 204**<br>**Columbus, GA 31902** |

Testimony by the City of Alpharetta's ("City") designee or designees for this deposition, in accordance with Section 9-11-30(b)(6) of the Georgia Code, will be on the following areas of inquiry:

1

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 22]

1.     The procedures the City followed in drafting, considering, and adopting Ordinance No. 792, adopted on April 1, 2020, and all subsequent ordinances or orders addressing the coronavirus outbreak in 2020.

2.     The information the City possessed regarding the coronavirus outbreak at the time it adopted Ordinance No. 792.

3.     The information the City considered in adopting Ordinance No. 792 and all subsequent ordinances or orders addressing the coronavirus outbreak in 2020.

4.     The City's consideration of scientific evidence regarding the coronavirus outbreak in adopting Ordinance No. 792 and all subsequent ordinances or orders addressing the coronavirus outbreak in 2020.

5.     The City's consideration of economic losses local merchants could suffer as a result of a shelter in place order in adopting Ordinance No. 792 and all subsequent ordinances or orders addressing the coronavirus outbreak in 2020.

6.     The City's consideration of alternative methods for curbing the coronavirus outbreak, such as the wearing of masks, social distancing, etc.

7.     The City's knowledge of damages businesses would sustain as a result of a shelter in place order.

8.     Public notice and hearing requirements relating to the adoption of ordinances such as Ordinance No. 792.

9.     The City's notice of Plaintiffs' claims for damages and the City's response thereto.

10.    The City's process for investigating and responding to damages claims.

11.    The City's responses to Plaintiffs' interrogatories, document requests, and requests for admission.

12.    Documents the City produced in response to Plaintiffs' requests for production.

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 23]

Respectfully submitted this ___ day of _____, 2021.

MORGAN & LYLE, P.C.

By: _____

W. Donald Morgan, Jr.
Georgia Bar No. 523150
Alston E. Lyle
Georgia Bar No. 982504
Attorneys for Plaintiff

MORGAN & LYLE, P.C.
P.O. Box 2056
Columbus, GA 31902
(706) 221-5286
dmorgan@morganandlyle.com
alyle@morganandlyle.com

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of February, 2021, I served the foregoing document along with the Summons and Complaint upon the parties listed below via private process server as follows:

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

_____
Attorney for Plaintiff

3

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 24]

Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

RAM HOTEL MANAGEMENT LLC,       )
NIRAVANA HOSPITALITY, LLC,      )
COLUMBUS HOSPITALITY, LLC,      )
RAM ALPHARETTA HOSPITALITY, LLC, )
RAJABHINAND HOTEL, LLC          )      CASE NO.: 2021CV345760
                                )                _____
    Plaintiffs,                )
                                )
V.                              )
                                )
HARTFORD FIRE INSURANCE         )
COMPANY, AND CITY OF ALPHARETTA, )
                                )
    Defendants.                )

### NOTICE OF TAKING DEPOSITION
### OF HARTFORD FIRE INSURANCE COMPANY

**PLEASE TAKE NOTICE** that on the date listed below, or at such other date and time as may be agreed by counsel, Plaintiffs will take the deposition of the witness named below, pursuant to the Georgia Civil Practice Act, before a Notary Public or other officer authorized by law to administer oaths. Such deposition shall be taken for the purpose of discovery or for use as evidence in this action, and will continue from time to time until completed, at which time and place you are notified to appear and take such part in the examination as shall be fit and proper:

> **DEPONENT:**    **HARTFORD FIRE INSURANCE COMPANY**
>
> **DATE:**    **Friday, July 18, 2021**
>
> **TIME:**    **9:00 a.m.**
>
> **PLACE:**    **Morgan & Lyle, P.C.**
>                         **1214 First Avenue**
>                         **Suite 204**
>                         **Columbus, GA 31902**

Testimony by Hartford Fire Insurance Company's ("Hartford") designee or designees for this deposition, in accordance with Section 9-11-30(b)(6) of the Georgia Code, will be on the following areas of inquiry:

1

Copy from re:SearchGA

1.      Hartford insurance policy number 20 UUN KL7438, effective April 21, 2019 to April 21, 2020 (the "2019 Policy") and its renewal policy effective April 21, 2020 through April 21, 2021 (the "2020 Policy") that form the basis of Plaintiffs' Complaint for Declaratory Judgment and Damages in this Action.

2.      Hartford's underwriting of the 2019 Policy and the 2020 Policy.

3.      Hartford's investigation of Plaintiffs' claim under the 2019 Policy and 2020 Policy that Hartford has identified as Claim Number CP0018718030 (the "Insurance Claim").

4.      Hartford's review, analysis, and decision regarding coverage of Plaintiffs' Insurance Claim.

5.      The provision or provisions in the 2019 Policy and the 2020 policy on which Hartford relied in its decision to deny Plaintiffs' Insurance Claim.

6.      Hartford's policies, procedures, and guidelines for coverage analysis of claims under policies such as the 2019 Policy and the 2020 Policy.

7.      Communications between Hartford and any insurance regulator for the State of Alabama that relates to any coverage provisions, definitions, or exclusions relevant to Plaintiffs' Insurance Claim.

8.      Reinsurance applicable to the 2019 Policy and the 2020 Policy.

9.      Lawsuits and arbitration proceedings commenced against Hartford in the last ten (10) years alleging that Hartford has breached a "Business Income and Extra Expense Coverage" provision, Civil Authority Coverage provision, or Virus Coverage provision contained in a Special Multi-Flex Business Insurance Policy.

10.     Lawsuits and arbitration proceedings commenced against Hartford in the last ten (10) years alleging that Hartford acted in bad faith in denying coverage, in whole or in part, under a "Business Income and Extra Expense Coverage" provision, Civil Authority Coverage provision, or Virus Coverage provision contained in a Special Multi-Flex Business Insurance Policy.

11.     Hartford's responses to Plaintiffs' interrogatories, document requests, and requests for admission.

2

Copy from re:SearchGA

12.    Documents Hartford produced in response to Plaintiffs' requests for production.

Respectfully submitted this _11th_ day of _February_, 2021.

MORGAN & LYLE, P.C.

By _____

W. Donald Morgan, Jr.
Georgia Bar No. 523150
Alston E. Lyle
Georgia Bar No. 982504
Attorneys for Plaintiff

MORGAN & LYLE, P.C.
P.O. Box 2056
Columbus, GA 31902
(706) 221-5286
dmorgan@morganandlyle.com
alyle@morganandlyle.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _11th_ day of February, 2021, I served the foregoing document along with the Summons and Complaint upon the parties listed below via private process server as follows:

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

Attorney for Plaintiff

3

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

RAM HOTEL MANAGEMENT LLC,            )
NIRAVANA HOSPITALITY, LLC,           )
COLUMBUS HOSPITALITY, LLC,           )
RAM ALPHARETTA HOSPITALITY, LLC,     )
RAJABHINAND HOTEL, LLC               )          CASE NO.: 2021CV345760
                                     )
Plaintiffs,                          )
                                     )
V.                                   )
                                     )
HARTFORD FIRE INSURANCE              )
COMPANY, AND CITY OF ALPHARETTA,     )
                                     )
Defendants.                          )

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Georgia Uniform Rules for Superior Court, Plaintiff, RAM Hotel Management, LLC et al., through its counsel, W. Donald Morgan, Jr., notifies the Court that the following documents have been delivered for service:

1.  Plaintiff's First Discovery Requests to the Hartford Fire Insurance Company; and
2.  Plaintiff's First Discovery Request to City of Alpharetta.

Such discovery is being delivered on this day for service to the named Defendants by depositing said discovery in the United States mail, postage prepaid, in an envelope addressed as follows:

> Hartford Fire Insurance Company
> c/o Registered Agent – CT Corporation System
> 289 S. Culver Street
> Lawrenceville, GA 30046

> City of Alpharetta
> c/o Mayor Jim Gilvin
> 2 Park Plaza
> Alpharetta, GA 30009

This ___11th___ day of February, 2021.

W. Donald Morgan, Jr.
Counsel for Plaintiff
Bar No.: 523150

**MORGAN & LYLE, P.C.**
1214 First Avenue, Suite 204
Columbus, GA 31901
(706) 221-5286
Email: dmorgan@morganandlyle.com

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

x Superior or ☐ State Court of <u>Fulton</u>

**County For Clerk Use Only**

Date Filed <u>2/11/2021</u>
      **MM-DD-YYYY**

Case Number <u>2021CV345760</u>

**Plaintiff(s)**

RAM Hotel Management LLC
Last   First   Middle I.  Suffix  Prefix

Niravana Hospitality LLC, Columbus
Last   First   Middle I.  Suffix  Prefix

Hospitality, LLC, RAM Alpharetta
Last   First   Middle I.  Suffix  Prefix

Hospitality, LLC and Raj Abhinand Hotel, LLC
Last   First   Middle I.  Suffix  Prefix

**Defendant(s)**

Hartford Fire Insurance Company
Last   First   Middle I.  Suffix  Prefix

City of Alpharetta
Last   First   Middle I.  Suffix  Prefix

Last   First   Middle I.  Suffix  Prefix

Last   First   Middle I.  Suffix  Prefix

Plaintiff's Attorney <u>W. Donald Morgan, Jr.</u> State Bar Number <u>523150</u> Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☑ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
   **Case Number**          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

[Notice of Removal, Exhibit A, Page 29]

Fulton County Superior Court
***EFILED***TV
Date: 2/11/2021 4:25 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

| | |
|---|---|
| RAM HOTEL MANAGEMENT LLC,<br>NIRAVANA HOSPITALITY, LLC,<br>COLUMBUS HOSPITALITY, LLC,<br>RAM ALPHARETTA HOSPITALITY, LLC,<br>RAJABHINAND HOTEL, LLC<br><br>    Plaintiffs,<br><br>V.<br><br>HARTFORD FIRE INSURANCE<br>COMPANY, AND CITY OF ALPHARETTA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.: 2021CV345760 |

## PLAINTIFFS' FIRST DISCOVERY REQUESTS TO DEFENDANT CITY OF ALPHARETTA

COME NOW PLAINTIFFS RAM Hotel Management LLC, Niravana Hospitality, LLC, Columbus Hospitality, LLC, RAM Alpharetta Hospitality, LLC and RajAbhinand Hotel, LLC (collectively "Plaintiffs"), and propound the following Interrogatories, Requests for Production, and Requests for Admission to Defendant City of Alpharetta:

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions form an integral part of the discovery requests that follow:

A.    The word "document" is employed in its most comprehensive sense. The term "document," whether singular or plural, means any written, printed, typed, recorded, or other graphic material of any kind or character, including originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and whether printed, recorded, created, or reproduced by an mechanical means or process, or written or produced by hand, including without limitation, agreements, contracts, drafts of agreements and/or contracts, written material referencing oral agreements or contracts, confirmatory memoranda, letters of intent, orders, purchase orders, communications, messages, correspondence (signed or unsigned), electronic mail of any kind, text

1

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 30]

messages or other similar electronic instant messages, personal calendars (whether written, electronic, or computerized), diaries (whether written, electronic, or computerized), letters, postcards, packages, telegrams, teletypes, telefax, facsimiles, mailgrams, tape recordings, summaries, notes or other recordings of telephone conversations, personal conversations, meetings, actions or statements, reports, handwriting, typewriting, printed materials, notes, notations, invoices, receipts, contracts, proposed agreements, proposals, journals, prospectuses, offers, affidavits, canceled checks, advertisements, minutes, transcripts, books, pamphlets, periodicals, articles, press clippings, corporate charters, by-laws, minutes, amendments, directives, resolutions/documents of any description evidencing action taken by a corporate entity, business entity or association, memoranda (internal and external), inter-office, intra-office and inter-department communications, opinions, reports, studies, analyses, evaluations, records, drawings, graphs, charts, and photographs (whether digital, prints, negatives, slides, motion picture films, photographic film, or microfiche), video, newspapers, magazines, as well as any electronic, mechanical or computerized records of any kind, including, but not limited to, sound recordings (including taped conversations), or transcripts thereof, discs, compact discs, DVRs, Blu-Ray discs, flash drives, thumb drives, internal or external hard drives, digital audio tape, digital optical recordings, data processing materials, computer tapes, computer runs or print-outs, software, reports, official papers, papers prepared in the ordinary course of business, instruments, chronicles, vouchers, diplomas, stationery, licenses, bills of exchange, bills of sale, logs, theses, circulars, publications, studies, notes of interviews, statements of witnesses, findings of investigations, audits, files, records of negotiations, reports of experts, whether to be called at trial or not, materials furnished to experts, whether to be called at trial or not, reports of consultants, whether to be called at trial or not, any record of any consultation with an expert or proposed expert elected not to be used, and all materials furnished to, or notes of, conversations with any witness or person interviewed in connection with this case. The term "document" includes any draft of a document and copies where the original is unavailable. Copies of documents supplied in response hereto must be fully legible and complete, with no portions deleted during copying.

      B.      The word "identify:"

Copy from re:SearchGA

1.     When used in reference to a person, means to provide information sufficient to notice the deposition of such person and to serve such person with process requiring attendance at a place of examination and shall include, without limitation, such person's full name; present or last known business and residence address; last date when each such address was known or believed to be correct; and such person's present or last known business affiliation, title, or occupation.

2.     When used in reference to a document, means to provide the following information: a description of the document (such as, for instance, a letter or memorandum); the date it bears or, if none, the date it was written; the name and address of each person who wrote it or participated in the writing of it, each person to whom it was addressed, each person to whom a copy was identified as being directed, and each person who received a copy of the document; and its present location or custodian or, if unknown, its last known location or custodian.

3.     When used in reference to an act, means to state the time and place of the act; the nature of the act; the name of the person or persons performing the act; and the names of all persons witnessing or having knowledge of the act.

C.     The word "describe" means to: provide a narrative statement of the matter in question; identify all documents relating to or referring thereto; identify all persons having knowledge thereof, stating the subject matter of each person's knowledge and the manner in which his or her knowledge was obtained; and identify the actions  undertaken by each person who participated in the matter in question.

D.     The words "and" and "or" shall be construed both conjunctively and disjunctively, so as to result in the broadest interpretation of each discovery request.

E.     The word "any" shall be construed broadly to mean "any" and "all," so as to result in the broadest interpretation of each discovery request.

F.     The word "communication," whether singular or plural, means any method by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation, oral communications, correspondence, telephone calls, facsimile transmissions, emails, and text messages.

3

Copy from re:SearchGA

G.     The words "you" and "yours" refer to Defendant City of Alpharetta, its employees, and its agents.

H.     The term "Shelter in Place Ordinance" refers to Ordinance No. 792 you adopted on April 1, 2020.

I.     The term "Just Compensation Clause" refers to Article 1, § 3, ¶ 1 of the Constitution of the State of Georgia.

J.     The word "person" includes both individuals and business entities such as, without limitation, corporations, sole proprietorships, partnerships (general and limited), and limited liability companies.

K.     If you cannot answer one of the following discovery requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder, stating what information or knowledge you have concerning the unanswered portion, and stating what you did in attempting to secure the unknown information.

L.     If you object to furnishing a document on the basis of attorney-client privilege or any other basis, identify the document in the following manner: by the date it bears or, if none, the date it was written; by the name and address of each person who wrote it or participated in the writing of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by a description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy, or, if unknown, its last known location or custodian.

M.     If any document requested was in your possession or control but is no longer in your possession or subject to your control, state what disposition was made of it, the reason for such disposition and the date thereof.

N.     In producing documents and things pursuant to the requests contained herein, furnish all documents or things known or available to you, regardless of whether such documents or things are

4

Copy from re:SearchGA

possessed directly by you or your agents, employees, representatives, or investigators or by your attorneys, their agents, employees, representatives, or investigators.

O.      If you cannot admit a request for admission, set forth in detail all reasons for your failure to admit such request.

P.      When information is requested which is not within your personal knowledge, but is within the knowledge of your attorney or agent, you should answer the Interrogatory fully, but state that such answer is not within your personal knowledge. The purpose of these discovery requests is to discover all facts, contentions, witnesses, and documents known either to you, your agents, or your attorneys. These discovery requests should be responded to in that spirit.

Q.      Responsive documents may be produced at the offices of Morgan & Lyle, P.C., 1214 First Avenue, Suite 204, Columbus, GA 31902.

R.      These discovery requests shall be deemed continuing during the course of this litigation. Information sought by these discovery requests that you obtain after serving your initial responses to these discovery requests should be disclosed by supplemental responses.

### INTERROGATORIES

1.      Identify each person you believe may have discoverable knowledge of any of the allegations that form the bases of the claims asserted against you in this litigation and describe the substance of each person's knowledge.

2.      Identify each person who was involved in your decision to adopt the Shelter in Place Ordinance and describe the nature of each person's involvement.

3.      Identify each person who was involved in originating, proposing, drafting, analyzing, reviewing, and adopting the Shelter in Place Ordinance and describe the nature of each person's involvement.

4.      State the factual bases for your decision to adopt the Shelter in Place Ordinance.

5.      Identify all liability insurance contracts that may provide coverage for the claims asserted against you in this litigation.

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 34]

6.      For each insurance contract identified in response to Interrogatory No. 5, state the dollar amount of insurance applicable to the claims asserted against you in this litigation.

7.      State the date on which you first received written notice that RAM Alpharetta Hospitality, LLC claimed you were liable to it for losses and damages based on the Shelter in Place Ordinance.

8.      Identify all sections of the Georgia Code you relied upon as authority for adopting the Shelter in Place Ordinance.

9.      Identify all ordinances, rules, regulations, and laws other than the Georgia Code that you relied upon as authority for adopting the Shelter in Place Ordinance.

10.     Describe the procedure you followed in originating, proposing, drafting, analyzing, reviewing, and adopting the Shelter in Place Ordinance.

11.     State the dates of any public hearings you held prior to your adoption of the Shelter in Place Ordinance where the Shelter in Place Ordinance was proposed, discussed, or adopted.

12.     State the date(s) you provided notice to the public of any hearings where the Shelter in Place Ordinance was to be proposed, discussed, or adopted.

13.     Identify all documents that are relevant to the claims asserted against you in this litigation.

14.     State all facts and identify all documents that support any defenses you have to the claims asserted against you in this litigation.

15.     For each response to a request for admission that is not an unqualified admission, explain each response by stating every reason you cannot admit the request and every fact that to your knowledge supports your refusal to admit the request, identify every person who has or may have knowledge of each fact, and identify every document that justifies or supports your response.

## DOCUMENT REQUESTS

1.      Produce your files relating to the Shelter in Place Ordinance.

2.      Produce all documents that relate in any way to the Shelter in Place Ordinance including, without limitation, its origination, proposal, consideration, drafting, revision, and adoption.

3.      Produce all documents that reflect or relate in any way to your internal communications

6

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 35]

relating to the Shelter in Place Ordinance including, without limitation, its origination, proposal, consideration, drafting, revision, and adoption.

4.      Produce all documents that reflect or relate in any way to communications between you and any third person relating to the Shelter in Place Ordinance including, without limitation, its origination, proposal, consideration, drafting, revision, and adoption.

5.      Produce all documents that relate to the claims asserted against you in this litigation.

6.      Produce all documents that support any defense you have to the claims asserted against you in this litigation.

7.      Produce the personnel file for every person involved in originating, proposing, drafting, revising, analyzing, and adopting the Shelter in Place Ordinance.

8.      Produce all insurance contracts that may provide coverage for the claims asserted against you in this litigation.

9.      Produce all agenda packets that reference the Shelter in Place Ordinance or any resolution or proposed resolution to consider or adopt the Shelter in Place Ordinance.

10.      Produce all notices you provided the public regarding any public hearing relating to the Shelter in Place Ordinance or any resolution or proposed resolution to consider or adopt the Shelter in Place Ordinance.

11.      Produce all documents that reflect your compliance with any state or local laws, regulations, or standards applicable to the passage of the Shelter in Place Ordinance.

12.      Produce all documents you received from Plaintiff RAM Alpharetta Hospitality, LLC claiming that you were liable to it for losses and damages based on the Shelter in Place Ordinance.

13.      For each response to a request for admission that is not an unqualified admission, produce every document that justifies or supports your refusal to admit the request.

## REQUESTS FOR ADMISSION

1.      Admit that Plaintiff RAM Alpharetta Hospitality, LLC provided timely written notice of

7

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 36]

its damages claim to you in compliance with Section 36-33-5 of the Georgia Code.

    2.    Admit that you have liability insurance that provides coverage for the claims asserted against you in this litigation.

    3.    Admit that you failed to provide Plaintiff RAM Alpharetta Hospitality, LLC with an opportunity to be heard prior to the adoption of the Shelter in Place Ordinance.

    4.    Admit that you had a duty to provide Plaintiff RAM Alpharetta Hospitality, LLC with an opportunity to be heard prior to the adoption of the Shelter in Place Ordinance.

    5.    Admit that you had a duty to consider the economic interests of Plaintiff RAM Alpharetta Hospitality, LLC in considering whether to adopt the Shelter in Place Ordinance.

    6.    Admit that you failed to consider the economic interests of Plaintiff RAM Alpharetta Hospitality, LLC in considering whether to adopt the Shelter in Place Ordinance.

    7.    Admit that you did not attempt to comply with the Just Compensation Clause contained in the Constitution of the State of Georgia in considering whether to adopt the Shelter in Place Ordinance.

    8.    Admit that you did not offer to compensate Plaintiff RAM Alpharetta Hospitality, LLC for any revenues or profits lost, or any other damages sustained, as a result of your adoption of the Shelter in Place Ordinance.

Respectfully submitted this 11th day of February, 2021.

MORGAN & LYLE, P.C.

W. Donald Morgan, Jr.
Georgia Bar No. 523150
Alston E. Lyle
Georgia Bar No. 982504
Attorneys for Plaintiff

MORGAN & LYLE, P.C.
P.O. Box 2056
Columbus, GA 31902
(706) 221-5286
dmorgan@morganandlyle.com
alyle@morganandlyle.com

8

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 37]

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2021, I served the foregoing document along with the Summons and Complaint upon the parties listed below via private process server as follows:

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

OF COUNSEL

9

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 38]

Fulton County Superior Court
***EFILED***TB
Date: 2/16/2021 2:00 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RAM HOTEL MANAGEMENT LLC, | ) | |
| NIRAVANA HOSPITALITY, LLC, | ) | |
| COLUMBUS HOSPITALITY, LLC, | ) | |
| RAM ALPHARETTA HOSPITALITY, LLC, | ) | |
| RAJABHINAND HOTEL, LLC | ) | **CASE NO.: 2021CV345760** |
| | ) | **The Honorable Judge** |
| Plaintiffs, | ) | **Robert McBurney** |
| | ) | |
| V. | ) | |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, AND CITY OF ALPHARETTA, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED APPLICATION FOR *PRO HAC VICE* ADMISSION

Pursuant to Georgia Uniform Superior Court Rule 4.4, I, Mr. Clyde O'Neal Westbrook, III (Applicant) hereby applies to this Honorable Court for admission to practice in the above-styled case *pro hac vice*. In support of this application, Applicant states as follows:

1.   I reside at:

4213 Woodbine Lane
Hoover, AL 35226

2.   My business address is:

Harris & Harris, LLP
420 20th Street North
Suite 2450
Birmingham, AL 35203.
Phone: 205-871-5777
Fax: 205-871-0029
Email: tres@harris-harris.com

1

Copy from re:SearchGA

3.      I have been retained to represent the following client(s):

RAM Hotel Management, LLC
233 12th St., Suite 301
Columbus, GA 31901

Niravana Hospitality, LLC
1664 Whittlesey Road
Columbus, GA 31904

Columbus Hospitality, LLC
4027 Veterans Ct.
Columbus, GA 31909

RAM Alpharetta Hospitality, LLC
12975 Morris Road
Alpharetta, GA 30004

Rajabhinand Hotel, LLC
2670 Adams Farm Dr.
Columbus, GA 31909

4.      I am a member in good standing of the following jurisdictions:

Alabama State Bar, admitted 09/29/1995; Bar No.: ASB-4320-O65C

U.S. District Court, Northern District of Alabama, admitted 12/14/95

U.S. District Court, Southern District of Alabama, admitted 03/08/96

U.S. District Court, Middle District of Alabama, admitted 10/24/98

U.S.C.A. 11th Circuit, admitted 10/14/98

Supreme Court of the United States, admitted 01/19/10

5.      I have never been a member of the State Bar of Georgia.

6.      I have never been denied *pro hac vice* admission in Georgia.

7.      I have never had *pro hac vice* admission revoked in Georgia.

8.      I have never been sanctioned or formally disciplined by a court in Georgia.

9.      I have never been the subject of any formal disciplinary proceedings.

2

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 40]

10.    I have never been formally held in contempt, or otherwise sanctioned by a court in a written order, for disobedience to its rules or orders.

11.    In the past two years I have not filed for *pro hac vice* admission in Georgia.

12.    I have reviewed and am familiar with the Georgia Rules of Professional Conduct and all court rules relevant to practice before the court in which I am seeking admission.

13.    My local sponsor is:

W. Donald Morgan, Jr.
Bar Number: 523150
Morgan & Lyle, P.C.
P.O. Box 2056
Columbus, GA 31902
Phone: 706-221-5286

14.    When I file my application I will forward a copy to the State Bar of Georgia along with a check or money order made payable to the State Bar of Georgia in the amount of $275.00 as this is my first application filed this calendar year.

3

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 41]

STATE OF ALABAMA   )

JEFFERSON COUNTY )

I, Clyde O'Neal Westbrook, III, Applicant in the foregoing Verified Application for *Pro Hac Vice* Admission, hereby verify the facts contained therein are true and accurate to the best of my knowledge.

This the 15th day of February , 2021.

Clyde O'Neal Westbrook, III

STATE OF ALABAMA   )

Jefferson COUNTY )

SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, in and for said County, in said State, on this the 15th day of February , 2021



Susan Holcomb Jones
Notary Public

4

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 42]

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the parties listed below and the Office of the General Counsel with a true and complete copy of the foregoing Verified Application for *Pro Hac Vice* Admission by U.S. Mail with adequate postage thereon to:

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

Attention: Kathy Jackson
Office of the General Counsel
State Bar of Georgia
104 Marietta Street, NW
Suite 100
Atlanta, GA 30303

Respectfully submitted this _16th_ day of _Feb._, 2021.

MORGAN & LYLE, P.C.

By _____
W. Donald Morgan, Jr.
Georgia Bar No. 523150
Alston E. Lyle
Georgia Bar No. 982594
Attorneys for Plaintiffs

Morgan & Lyle, P.C.
P.O. Box 2056
Columbus, GA 31902
Phone: 706-221-5286
dmorgan@morganandlyle.com
alyle@morganandlyle.com

5

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 43]

Fulton County Superior Court
***EFILED***TB
Date: 2/16/2021 2:00 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

RAM HOTEL MANAGEMENT LLC,       )
NIRAVANA HOSPITALITY, LLC,      )
COLUMBUS HOSPITALITY, LLC,      )
RAM ALPHARETTA HOSPITALITY, LLC, )
RAJABHINAND HOTEL, LLC          )          CASE NO.: 2021CV345760
                                )          The Honorable Judge
        Plaintiffs,             )          Robert McBurney
                                )
V.                              )
                                )
HARTFORD FIRE INSURANCE         )
COMPANY, AND CITY OF ALPHARETTA, )
                                )
        Defendants.             )

## VERIFIED APPLICATION FOR *PRO HAC VICE* ADMISSION

Pursuant to Georgia Uniform Superior Court Rule 4.4, I, Mr. James A. Harris, III (Applicant) hereby applies to this Honorable Court for admission to practice in the above-styled case *pro hac vice*. In support of this application, Applicant states as follows:

1.   I reside at:

     19 Montevallo Lane
     Birmingham, AL 35213

2.   My business address is:

     Harris & Harris, LLP
     420 20th Street North
     Suite 2450
     Birmingham, AL 35203.
     Phone: 205-871-5777
     Fax: 205-871-0029
     Email: jamey@harris-harris.com

1

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 44]

3.      I have been retained to represent the following client(s):

RAM Hotel Management, LLC
233 12th St., Suite 301
Columbus, GA 31901

Niravana Hospitality, LLC
1664 Whittlesey Road
Columbus, GA 31904

Columbus Hospitality, LLC
4027 Veterans Ct.
Columbus, GA 31909

RAM Alpharetta Hospitality, LLC
12975 Morris Road
Alpharetta, GA 30004

Rajabhinand Hotel, LLC
2670 Adams Farm Dr.
Columbus, GA 31909

4.      I am a member in good standing of the following jurisdictions:

Alabama State Bar, admitted 09/24/1993; Bar No.: ASB-0683-R74J

U.S. District Court, Northern District of Alabama, admitted 12/03/93

U.S. District Court, Southern District of Alabama, admitted 09/24/98

U.S.C.A. 11th Circuit, admitted 11/15/13

5.      I have never been a member of the State Bar of Georgia.

6.      I have never been denied *pro hac vice* admission in Georgia.

7.      I have never had *pro hac vice* admission revoked in Georgia.

8.      I have never been sanctioned or formally disciplined by a court in Georgia.

9.      I have never been the subject of any formal disciplinary proceedings.

10.     I have never been formally held in contempt, or otherwise sanctioned by a court in a written order, for disobedience to its rules or orders.

2

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 45]

11.     In the past two years I have not filed for *pro hac vice* admission in Georgia.

12.     I have reviewed and am familiar with the Georgia Rules of Professional Conduct and all court rules relevant to practice before the court in which I am seeking admission.

13.     My local sponsor is:

> W. Donald Morgan, Jr.
> Bar Number: 523150
> Morgan & Lyle, P.C.
> P.O. Box 2056
> Columbus, GA 31902
> Phone: 706-221-5286

14.     When I file my application I will forward a copy to the State Bar of Georgia along with a check or money order made payable to the State Bar of Georgia in the amount of $275.00 as this is my first application filed this calendar year.

3

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 46]

STATE OF ALABAMA  )

JEFFERSON COUNTY )

     I, James A. Harris, III, Applicant in the foregoing Verified Application for *Pro*

*Hac Vice* Admission, hereby verify the facts contained therein are true and accurate to

the best of my knowledge.

     This the 15 day of February 2021.

                         _____

                         James A. Harris, III

STATE OF ALABAMA  )

Jefferson COUNTY )

     SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, in
and for said County, in said State, on this the 15th day of February , 2021



_____
Notary Public

4

Copy from re:SearchGA

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the parties listed below and the Office of the General Counsel with a true and complete copy of the foregoing Verified Application for *Pro Hac Vice* Admission by U.S. Mail with adequate postage thereon to:

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

Attention: Kathy Jackson
Office of the General Counsel
State Bar of Georgia
104 Marietta Street, NW
Suite 100
Atlanta, GA 30303

Respectfully submitted this 16th day of Feb., 2021.

MORGAN & LYLE, P.C.

By
W. Donald Morgan, Jr.
Georgia Bar No. 523150
Alston E. Lyle
Georgia Bar No. 982594
Attorneys for Plaintiffs

Morgan & Lyle, P.C.
P.O. Box 2056
Columbus, GA 31902
Phone: 706-221-5286
dmorgan@morganandlyle.com
alyle@morganandlyle.com

5

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 48]

Fulton County Superior Court
***EFILED***MH
Date: 2/22/2021 2:08 PM
Cathelene Robinson, Clerk

Civil Action No. _____ 2021 CV 345760

Date Filed __2-11-2021__

Superior Court   Record ID   2100 43 28

State Court   ☐

~~Fulton~~
Georgia, ~~MUSCOGEE~~ COUNTY

RAM Hotel Management, LLC et. al

Attorney's Address
W. Donald Morgan, Jr.
1214 1st Avenue, Ste 204
Columbus, GA 31901

Plaintiff

VS.

Hartford Fire Insurance Company and City of Alpharetta

Name and Address of Party to be Served

Hartford Fire Insurance Company

289 S. Culver Street

Lawrenceville, GA 30046

Defendant

Garnishee

RECEIVED

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant _Hartford Fire Insurance Company_ personally with a copy of the within action and summons. _Complaint, Summons, Notice of Deposition, Rule 5.2 Cert, Discovery Requests_

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑  Served the defendant _Hartford Fire Insurance Company_ a corporation by leaving a copy of the within action and summons with _Linda Banks_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____18_____ day of _Feb_, 20 21.

_____ So3oo
DEPUTY

SHERIFF DOCKET_____   PAGE_____

MUSCOGEE COUNTY, GEORGIA

SC-2 Rev.85

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 49]

Fulton County Superior Court
***EFILED***MH
Date: 3/4/2021 2:14 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RAM HOTEL MANAGEMENT LLC,<br>NIRAVANA HOSPITALITY, LLC,<br>COLUMBUS HOSPITALITY, LLC,<br>RAM ALPHARETTA HOSPITALITY, LLC,<br>RAJABHINAND HOTEL, LLC<br><br>    Plaintiffs,<br><br>V.<br><br>HARTFORD FIRE INSURANCE<br>COMPANY, AND CITY OF ALPHARETTA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE NO.:** 2021CV345760

**JURY TRIAL DEMANDED**

## FIRST AMENDED AND RESTATED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COME NOW PLAINTIFFS, and hereby amend and restate their Complaint to add claims for declaratory relief against the City of Alpharetta as follows:

### THE PARTIES

1.     The Plaintiffs in this action are four single-entity limited liability companies and a management company, RAM Hotel Management, LLC ("RAM Hotel Management"). All plaintiffs are Georgia limited liability companies.

2.     The four single-entity limited liability company Plaintiffs each own a single hotel and conduct business at their locations in Georgia. Plaintiff RAM Hotel Management does business throughout Georgia. Plaintiff RAM Alpharetta Hospitality, LLC ("RAM Alpharetta Hospitality") does business in the City of Alpharetta, Georgia.

3.     Defendant Hartford Fire Insurance Company ("Hartford") is a foreign insurance company registered to conduct business in Georgia. At all times relevant

1

Copy from re:SearchGA

hereto, Hartford conducted business in Fulton County, Georgia.

4.     Defendant City of Alpharetta is a municipal corporation located in Fulton County, Georgia.

## JURISDICTION

5.     This Court has jurisdiction pursuant to Article 6, § 1, ¶ I of the Georgia Constitution and Section 15-6-8 of the Code of Georgia.

## VENUE

6.     Venue is proper in Fulton County, Georgia pursuant to Sections 9-10-93 and 33-4-1 of the Georgia Code. The City of Alpharetta is located in Fulton County, a substantial part of the events giving rise to the claim occurred in Fulton County, one of the hotels insured by Hartford is located in Fulton County, and Hartford has done business in Fulton County at all times relevant hereto.

## FACTUAL BACKGROUND

7.     In 2019, Hartford issued a Special Multi-Flex Business Insurance Policy, no. 20 UUN KL7438, with a policy period of April 21, 2019 to April 21, 2020 (the "2019 Policy"). Plaintiff RAM Hotel Management is the named insured in the 2019 Policy. The 2019 Policy provided coverage for hotels located in Alabama and Georgia. Additional hotels located in Georgia and Alabama were added through subsequent endorsements to the 2019 Policy. As of March 4, 2020, four hotels located in Georgia were covered by the 2019 Policy. The 2019 Policy refers to the hotels and the RAM Hotel Management corporate offices as "Scheduled Premises." Plaintiffs paid all premiums required to maintain the 2019 Policy.

2

Copy from re:SearchGA

8.     Each of the four Georgia hotels is owned by a different single-entity limited liability company that is a Plaintiff in this action. Each of the four single-entity limited liability company Plaintiffs was named as an additional insured in the 2019 Policy or an endorsement thereto. A schedule showing the ownership of each hotel is attached hereto as Exhibit A.

9.     The 2019 Policy was an "all-risk" policy that included business interruption insurance coverage. Business interruption insurance coverage is intended to indemnify the insured against losses arising from the inability to continue normal business operations and functions due to loss or damage suffered as a result of an insured hazard. In the 2019 Policy, the business interruption insurance coverage was called "Business Income and Extra Expense Coverage." Under this coverage, Hartford agreed    to:

> pay up to the Business Income and Extra Expense Limit of Insurance  . . . for the actual loss of Business Income you sustain and the actual, necessary and reasonable Extra Expense you incur due to the necessary interruption of business operations during the Period of Restoration due to direct physical loss of or direct physical damage to property caused by or resulting from a Covered Cause of Loss at 'Scheduled Premises' where a limit of insurance is shown for Business Income and Extra Expense.

10.     In the 2019 Policy, the limit of insurance per occurrence under the "Business Income and Extra Expense Coverage" was $29,600,000. Through subsequent endorsements to the 2019 Policy, the limit was increased to $37,880,000.

11.     The "Business Income and Extra Expense Coverage" in the 2019 Policy included additional "Civil Authority" coverage, which extended the insurance:

> to apply to the actual loss of Business Income you sustain and the actual, necessary and reasonable Extra Expense you incur when access to your 'Scheduled Premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of the 'Scheduled Premises.'

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 52]

12.    The "Business Income and Extra Expense Coverage" in the 2019 Policy also included additional "'Fungus', Wet Rot, Dry Rot, Bacteria and Virus" coverage ("Virus Coverage"). The Virus Coverage applied whenever the presence of a virus resulted from a "specified cause of loss" other than fire or lightning or when the loss or damage was otherwise attributable to fungus, wet rot, dry rot, bacteria, or virus. The specified causes of loss were identified in the policy and included losses resulting from "vandalism." "Vandalism" is an undefined term in the 2019 Policy, but generally means an act intended to result in damage to property or injury to persons.

13.    The "Business Income and Extra Expense Coverage" in the 2019 Policy also included additional "Ingress and Egress" coverage ("Ingress and Egress" coverage). The Ingress and Egress coverage provided coverage when a covered cause of loss to property at premises contiguous to any of the Scheduled Premises prohibited ingress and egress to the Scheduled Premises.

14.    The 2019 Policy also provided extended income and future earnings coverages for business income losses incurred until business and income at the hotels are back to normal, up to two (2) years after the date of the cause of the loss.

15.    In 2020, Hartford renewed policy no. 20 UUN KL7438 with a policy period of April 21, 2020 to April 21, 2021 (the "2020 Policy"). The 2020 Policy provides coverage to RAM Hotel Management, the four single-entity limited liability companies, and the "Scheduled Premises" that is substantially similar to the coverage provided in the 2019 Policy. At inception, the limit of insurance (per occurrence) under the "Business Income and Extra Expense Coverage" of the 2020 Policy was $28,882,913. Plaintiffs have paid all premiums required to maintain the 2020 Policy. Plaintiffs were not involved in drafting

4

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 53]

the substantive provisions in the 2019 Policy or the 2020 Policy.

16.     Sometime during or before 2019, the Chinese government was involved in developing, researching, and/or testing a novel "coronavirus," now known as SARS-CoV-2, at one or more laboratories located in or around Wuhan, China. As a result of conduct intended to cause damage and/or injury to persons and/or property, the coronavirus was released from one or more laboratories and began to spread among the local population. Many people exposed to the coronavirus became ill with a communicable disease now known as COVID-19.

17.     The coronavirus is transmitted through the air and through contact with physical surfaces. It remains infectious for an extended period in the air and on physical surfaces. Its presence causes loss and damage by rendering the air and any contaminated physical surfaces unsafe and a potential source of infection.

18.     In late 2019 or early 2020, the coronavirus migrated to the United States. The publication of instances of severe illness and death among aged or infirm persons stoked fears of an uncontrollable and apocalyptic pandemic. Those fears were based on an irrational belief that a significant number of people who become infected and develop COVID-19 will die. In fact, research shows that the infection fatality rate is something less than 1% among the entire population.

19.     Due to the coronavirus' presence in Georgia, on March 14, 2020, Governor Brian Kemp declared a state of emergency for the State of Georgia. By doing so, Georgia fell in line with several other states that lacked adequate knowledge of the disease but had peremptorily declared a public health emergency based on irrational fear, not science.

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 54]

20.     On April 1, 2020, the City of Alpharetta adopted an emergency "shelter in place" ordinance that ordered residents to shelter in place due to the presence of the coronavirus. The order severely restricted residents' ability to travel to, from, and within the City of Alpharetta.

21.     On April 2, 2020, the State of Georgia issued a shelter in place order. The order severely restricted travel to and throughout the state of Georgia.

22.     Plaintiffs suffered direct physical loss and/or damage as a result of the coronavirus, COVID-19, the pandemic, the City of Alpharetta's shelter in place ordinance, the State of Georgia's shelter in place order, and/or similar orders issued in other states. The presence of the coronavirus damaged the Scheduled Premises and rendered them, and the area and property around and contiguous to them, unsafe. The coronavirus, COVID-19, the governmental orders, and/or fear of the pandemic caused a severe drop in Plaintiffs' business as travelers who otherwise would stay at Plaintiffs' hotels stayed at home or made alternative lodging arrangements. Every Plaintiff suffered significant losses year over year due to a precipitous decline in room rentals. The significant losses Plaintiffs have suffered as a result of the coronavirus, COVID-19, the pandemic, and/or the governmental orders fall within the coverage provisions of the 2019 Policy and the 2020 Policy.

23.     On or around May 1, 2020, Hartford's Agent/Broker, Marsh & McLennan Agency, LLC, provided Hartford with notice of claims under the 2019 Policy and the 2020 Policy on behalf of Plaintiffs due to loss and damage resulting from the coronavirus and the civil authority orders that interrupted Plaintiffs' business operations.

24.     On or around May 8, 2020, Hartford denied the claim. Hartford took the

6

Copy from re:SearchGA

position that it was not liable for any loss or damage related to the coronavirus or the civil authority orders. Counsel for Plaintiffs requested that Hartford reconsider the denial. Hartford did not respond.

25.     Since Hartford denied the claim, Plaintiffs have continued to sustain damages. Plaintiffs calculated their lost profits as of October 31, 2020 to be in excess of $2,100,000. Plaintiffs anticipate that before the disruptions caused by the coronavirus, COVID-19, the various shelter in place orders, the pandemic, and/or the fear and concern that has reduced travel in and to Georgia resolve and normal operations and income are restored, their lost profits damages will exceed $5,700,000. In addition, Plaintiffs have incurred substantial costs and expenses as a result of the coronavirus, the governmental orders, and/or fear of the pandemic.

26.     On September 29, 2020, Plaintiff RAM Alpharetta Hospitality provided the City of Alpharetta with a statutory notice of its claim relating to losses and damages it has sustained as a result of the City of Alpharetta's shelter in place ordinance.

27.     Plaintiffs have satisfied all conditions precedent to the maintenance of this action.

## COUNT ONE: DECLARATORY JUDGMENT

28.     Plaintiffs adopt and incorporate paragraphs 1 – 27 as if fully set forth herein.

29.     Plaintiffs seek a declaratory judgment relating to the present controversy. A bona fide, actual, and present practical need exists for a declaratory judgment regarding Hartford's obligations under the 2019 Policy and the 2020 Policy. Plaintiffs and Hartford have actual, present, adverse, and antagonistic interests in the subject matter of the relief Plaintiffs request.

7

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 56]

30.    The 2019 Policy and the 2020 Policy provide all risk coverage for the losses and damages caused by the coronavirus, COVID-19, the pandemic, the various shelter in place and stay at home orders issued by state and local governments, and/or the public's general fear of the pandemic. Plaintiffs' reasonable expectations were that the insurance policies would provide coverage for loss and damage resulting from viruses, communicable diseases, and governmental orders that resulted in the interruption of their businesses. This includes the current coronavirus, the pandemic, and/or the shelter in place orders.

31.    Plaintiffs sustained loss and damage as a direct result of the presence of the coronavirus and COVID-19, the governmental orders, and/or fear of the pandemic among the population. The coronavirus caused loss and/or damage to Plaintiffs' hotels. Due to the virus' presence, governmental orders, and/or the pandemic, individuals who otherwise would stay at Plaintiffs' hotels did not travel or made alternative lodging arrangements, resulting in an "interruption" of business operations at the hotels, as that term is defined in the 2019 Policy and the 2020 Policy.

32.    The 2019 Policy and the 2020 Policy do not contain any exclusions for loss or damage resulting from the coronavirus, COVID-19, communicable diseases, a pandemic, governmental orders, or fear of a pandemic. Such loss and damage does not logically align with any exclusion found in the 2019 Policy or the 2020 Policy. The policies' virus exclusion does not apply because the loss or damage falls outside the scope of the exclusion and/or within the scope of the Virus Coverage. Neither the virus exclusion nor any other exclusion specifically precludes coverage for the coronavirus, COVID-19,

8

Copy from re:SearchGA

communicable diseases, a pandemic, governmental orders, or fear of a pandemic. No other exclusion contained in the 2019 Policy or the 2020 Policy precludes coverage.

33.     The Virus Coverage provides coverage for Plaintiffs' losses. The presence of the coronavirus resulted from an act of vandalism that allowed the coronavirus to escape into the general population, ultimately migrating to the United States. Vandalism is a "specified cause of loss" under both the 2019 Policy and the 2020 Policy. Alternatively, Plaintiffs' losses and damages otherwise resulted from the virus and therefore fall within the Virus Coverage provision.

34.     The coronavirus's presence also caused loss and damage to property throughout the state, including areas immediately surrounding each of the Scheduled Premises. As a result of the presence of the coronavirus, COVID-19, the pandemic, and/or fear of the pandemic, the City of Alpharetta, the State of Georgia, and other state and local governments issued shelter in place orders. The orders prevented and/or sufficiently discouraged individuals who otherwise would have lodged at Plaintiffs' hotels from traveling or caused them to make other lodging arrangements. Plaintiffs' losses and/or damages resulting from the orders fall within the scope of the Civil Authority coverage provided by the 2019 Policy and the 2020 Policy.

35.     The coronavirus's presence also caused loss and/or damage to property and premises contiguous to the Scheduled Premises. As a result, ingress and egress to the Scheduled Premises was prohibited, and Plaintiffs suffered losses and damages caused by a significant reduction in the numbers of hotel guests.

36.     Plaintiffs purchased the 2019 Policy and the 2020 Policy expecting to be insured against losses, including, without limitation, business income losses at the

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 58]

Scheduled Premises.

37. Plaintiffs purchased the 2019 Policy and the 2020 Policy with the expectation that they were purchasing policies that would provide coverage in the event their businesses were interrupted and/or they incurred extra expenses as a result of damages caused by COVID-19, the governmental orders, and the pandemic.

38. Plaintiffs had a reasonable expectation that their policies' business interruption coverage applied where a civil authority issued orders such as the shelter in place orders issued by local and state governments such as the City of Alpharetta, the State of Georgia, and others throughout the nation that resulted in the interruption of Plaintiffs' business and caused Plaintiffs to incur extra expenses.

WHEREFORE, Plaintiffs demand a judgment in their favor declaring:

A. That the coronavirus, COVID-19, the governmental orders, the pandemic, and/or the public's fear of the pandemic have caused direct physical loss and/or direct physical damage to Plaintiffs' hotels and to property contiguous to and in the immediate area of Plaintiffs' hotels;

B. That the 2019 Policy and the 2020 Policy provide coverage for the losses and/or damages sustained by Plaintiffs' hotels;

C. That the Virus Coverage provides coverage for the losses and/or damages sustained by Plaintiffs' hotels;

D. That the Civil Authority coverage provides coverage for the losses and/or damages sustained by Plaintiffs' hotels;

E. That the Ingress and Egress coverage provides coverage for the losses and/or damages sustained by Plaintiffs' hotels;

10

Copy from re:SearchGA

F.      That the extended income and future earnings provisions extend the coverages provided by the 2019 Policy and the 2020 Policy to such time as Plaintiffs' hotels' normal operations and profits are restored, up to two (2) years following the date of the cause of the loss; and

G.      That no exclusion precludes coverage for the losses and/or damages sustained by Plaintiffs' hotels.

Plaintiffs also seek costs, attorneys' fees, and such further relief as the Court deems just and equitable.

## COUNT TWO: BREACH OF CONTRACT

39.     Plaintiffs adopt and incorporate paragraphs 1 – 38 as if fully set forth herein.

40.     Hartford breached the 2019 Policy and the 2020 Policy by: (1) failing to pay for Plaintiffs' actual business income losses and extra expenses incurred due to the necessary interruption of their business operations; (2) denying liability under the Business Income and Extra Expense Coverage provided by the 2019 Policy and the 2020 Policy; (3) denying liability under the Civil Authority coverage provisions of the 2019 Policy and the 2020 Policy; (4) denying liability under the Virus Coverage provided by the 2019 Policy and the 2020 Policy; and/or (5) relying on inapplicable and/or unenforceable policy exclusions to refuse to provide coverage for Plaintiffs' losses and damage.

41.     Plaintiffs have sustained losses and damages as a result of Hartford's breach of the 2019 Policy and 2020 Policy. These include, without limitation, lost profits. Plaintiffs' lost profits to date have exceeded $2,100,000 and are anticipated to exceed $5,700,000.

11

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 60]

WHEREFORE, Plaintiffs demand judgment against Hartford for compensatory damages, including, without limitation, lost profits, in an amount to be determined by a jury as a result of Hartford's breach of the 2019 Policy and the 2020 Policy. Plaintiffs also seek costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

### COUNT THREE: BAD FAITH

42.     Plaintiffs adopt and incorporate paragraphs 1 – 41 as if fully set forth herein.

43.     Hartford owed Plaintiffs a duty of good faith with respect to its performance of its contractual obligations under the 2019 Policy and the 2020 Policy.

44.     Hartford breached its duty of good faith in the performance of its obligations under the 2019 Policy and the 2020 Policy. Hartford knew that it had no legitimate basis for refusing to provide coverage. Further, Hartford failed to conduct a material or adequate investigation of Plaintiffs' claims, applied an unreasonably restrictive construction to the policies' coverage provisions, applied an unreasonably broad construction to the policies' exclusions, failed to properly evaluate the claims, created its own debatable reason for denying the claims, and/or relied on ambiguous, inapplicable, and/or unenforceable policy provisions in an effort to avoid performance of its contractual obligations and deny the claims. Hartford's conduct constituted a bad faith breach of the 2019 Policy and the 2020 Policy.

45.     Plaintiffs have sustained damages as a result of Hartford's breach of its obligation of good faith.

46.     Hartford is liable to Plaintiffs for bad faith denial of coverage under the 2019 Policy and the 2020 Policy.

12

Copy from re:SearchGA

WHEREFORE, Plaintiffs demand judgment against Hartford for compensatory, statutory, and punitive damages, including, without limitation, lost profits, in an amount to be determined by a jury. Plaintiffs also seek costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

### COUNT FOUR: NEGLIGENT, WANTON, AND RECKLESS CONDUCT BY THE CITY OF ALPHARETTA

47.      Plaintiffs adopt and incorporate paragraphs 1 – 46 as if fully set forth herein.

48.      The City of Alpharetta negligently, wantonly, and/or recklessly adopted the shelter in place ordinance. The City of Alpharetta failed to investigate adequately the harm the coronavirus posed to the public and the harm a shelter in place ordinance would pose to the economic interests of businesses such as Plaintiffs that rely on individuals' freedom to travel. The City of Alpharetta owed duties to Plaintiff RAM Alpharetta Hospitality to adequately and properly consider the economic harm the shelter in place ordinance would cause to RAM Alpharetta Hospitality, and breached its duty by failing to do so.

49.      As a direct and proximate result of the City of Alpharetta's wrongful adoption of the shelter in place ordinance, Plaintiff RAM Alpharetta Hospitality has suffered loss and damage. The City of Alpharetta owed a duty to Plaintiff RAM Alpharetta Hospitality to adequately and properly to consider the economic harm the shelter in place ordinance would cause to RAM Alpharetta Hospitality, and breached its duty by failing to do so. The City of Alpharetta failed to tailor its "shelter in place" ordinance to protect RAM Alpharetta Hospitality's business interests. The City of Alpharetta should have adopted less restrictive methods for addressing the spread of the coronavirus, by limiting the order to ordering mask wearing, social distancing, temperature taking, and/or other less restrictive ways to curb the coronavirus's spread rather than including in its ordinance an order that

13

Copy from re:SearchGA

individuals shelter in place. Any additional protection gained by ordering citizens to shelter in place was marginal in relation to the substantial disruption that occurred to the economy and to RAM Alpharetta Hospitality's business as a result of the order to shelter in place.

50.    As a direct and proximate result of the City of Alpharetta's wrongful adoption of the shelter in place ordinance, Plaintiffs RAM Alpharetta Hospitality suffered loss and damage. Hotel revenues and profits dropped significantly following the imposition of the shelter in place ordinance, and Plaintiff RAM Alpharetta Hospitality has incurred extra expenses as a result of the ordinance. It continues to lose revenue and incur extra expenses as a result of the City of Alpharetta's shelter in place order.

51.    The City of Alpharetta has liability insurance that provides coverage for the claims asserted against it by RAM Alpharetta Hospitality in this litigation.

52.    The City of Alpharetta is liable to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's wrongful conduct.

WHEREFORE, Plaintiff RAM Alpharetta Hospitality demands judgment against the City of Alpharetta for damages, including, without limitation, lost profits, in an amount to be determined by a jury. Plaintiff RAM Alpharetta Hospitality also seeks costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

## COUNT FIVE: NEGLIGENT, WANTON, RECKLESS, ARBITRARY, AND CAPRICIOUS VIOLATION OF STANDARDS ESTABLISHED BY STATUTORY LAW BY THE CITY OF ALPHARETTA

53.    Plaintiffs adopt and incorporate paragraphs 1 – 52 as if fully set forth herein.

54.    The City of Alpharetta negligently, wantonly, recklessly, arbitrarily, and/or capriciously adopted the shelter in place ordinance in violation of the due process protections guaranteed by the Georgia Constitution. In addition, Plaintiff RAM Alpharetta

14

Copy from re:SearchGA

Hospitality was denied a meaningful opportunity to be heard before the City of Alpharetta adopted the shelter in place ordinance,

55.     As a direct and proximate result of the City of Alpharetta's wrongful adoption of the shelter in place ordinance, Plaintiff RAM Alpharetta Hospitality has suffered loss and damage, including, without limitation, lost profits.

56.     The City of Alpharetta is liable to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's wrongful conduct.

WHEREFORE, Plaintiff RAM Alpharetta Hospitality demands judgment against the City of Alpharetta for damages, including, without limitation, lost profits, in an amount to be determined by a jury. Plaintiff RAM Alpharetta Hospitality also seeks costs, expenses, attorneys' fees, and such further relief that the Court deems just and equitable.

### COUNT SIX: DEMAND BY RAM ALPHARETTA HOSPITALITY FOR JUST COMPENSATION FROM THE CITY OF ALPHARETTA PURSUANT TO THE CONSTITUTION OF THE STATE OF GEORGIA

57.     Plaintiffs adopt and incorporate paragraphs 1 – 56 as if fully set forth herein.

58.     The "Just Compensation" clause of the Constitution of the State of Georgia, Article 1, § 3, ¶ 1, provides that no governmental entity shall take or damage property without just compensation. The Just Compensation clause is applicable to the City of Alpharetta.

59.     The City of Alpharetta's adoption of the shelter in place ordinance caused damage to RAM Alpharetta Hospitality and/or constituted a "taking" of RAM Alpharetta Hospitality's property that requires just compensation pursuant to the Constitution of the State of Georgia. The shelter in place ordinance deprived RAM Alpharetta Hospitality

15

Copy from re:SearchGA

from receiving the economic benefits it was entitled to pursue as a business entity organized and existing pursuant to the laws of the State of Georgia.

60.    The City of Alpharetta is obligated to provide just compensation to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's adoption shelter in place ordinance.

WHEREFORE, Plaintiff RAM Alpharetta Hospitality demands judgment against the City of Alpharetta for just compensation for the lost income, revenues, and profits Plaintiff RAM Alpharetta Hospitality sustained as a result of the City of Alpharetta's adoption of the shelter in place ordinance, and such further relief that the Court deems just and equitable.

## COUNT SEVEN: DECLARATORY JUDGMENT AGAINST THE CITY OF ALPHARETTA

61.    Plaintiffs adopt and incorporate paragraphs 1 through 60 as if fully set forth herein.

62.    Plaintiffs seek a declaratory judgment relating to the present controversy. A bona fide, actual, and present practical need exists for a declaratory judgment regarding the City of Alpharetta's actions in adopting the shelter in place ordinance. Plaintiffs and the City of Alpharetta have actual, present, adverse, and antagonistic interests in the subject matter of the relief Plaintiffs request.

WHEREFORE, Plaintiffs demand a judgment in their favor declaring:

A.    That the City of Alpharetta negligently, wantonly, recklessly, arbitrarily, and capriciously adopted the shelter in place ordinance;

16

Copy from re:SearchGA

B.    That the City of Alpharetta breached duties owed to Plaintiffs to consider the economic harm the shelter in place ordinance would have on businesses such as Plaintiffs;

C.    That the City of Alpharetta failed to narrowly tailor the shelter in place ordinance to protect Plaintiffs' business interests;

D.    That the City of Alpharetta's actions in adopting the shelter in place ordinance violated the due process protections provided by the Georgia Constitution; and

E.    That the City of Alpharetta is obligated under the Constitution of the State of Georgia to provide just compensation to Plaintiff RAM Alpharetta Hospitality for the loss and damage caused by the City of Alpharetta's adoption of the shelter in place ordinance.

Respectfully submitted,

W. Donald Morgan, Jr.
Alston Lyle
Morgan & Lyle, P.C.
P.O. Box 2056
1214 First Avenue
Suite 204
Columbus, GA 31902
Phone: 706-221-5286
Fax: 706-221-5066
Email: dmorgan@morganandlyle.com
Email: alyle@morganandlyle.com

**OF COUNSEL:**

**MORGAN & LYLE, P.C.**

Attorneys for Plaintiffs

AND

s/ James A. Harris, III
James A. Harris, III (*HAR141*)

17

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 66]

Clyde O. Westbrook, III (*WES025*)
Shipt Tower, Suite 2450
420 20th Street North
Birmingham, AL 35203
TEL: 205-871-5777
FAX: 205-871-0029
Email: jamey@harris-harris.com
Email: tres@harris-harris.com

**OF COUNSEL:**

**HARRIS & HARRIS, LLP**

Attorneys for Plaintiffs, subject to
admission *Pro Hac Vice*, application
pending.

## JURY DEMAND

**Plaintiffs demand a trial by struck jury.**

_____
OF COUNSEL

## DEFENDANTS TO BE SERVED BY PROCESS SERVER:

Hartford Fire Insurance Company
c/o Registered Agent – CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

City of Alpharetta
c/o Mayor Jim Gilvin
2 Park Plaza
Alpharetta, GA 30009

18

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 67]

| GEORGIA HOTELS | | |
|---|---|---|
| **Entity** | **Hotel Brand** | **Property Address** |
| RAM Hotel Management, LLC | Corporate Office | 233 12th St Suite 301 Columbus, GA 31901 |
| Niravana Hospitality, LLC | Home2 Suites By Hilton | 1664 Whittlesey Rd Columbus, GA 31904 |
| Columbus Hospitality, LLC | Best Western | 4027 Veterans Ct Columbus, GA 31909 |
| RAM Alpharetta Hospitality, LLC | Home2 Suites By Hilton | 12075 Morris Road Alpharetta GA 30004 |
| RajAbhinand Hotel, LLC | Residence Inn by Marriott | 2670 Adams Farm Dr, Columbus, GA 31909 |

EXHIBIT A

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 68]

Civil Action No. **2021 CV 345760**

Date Filed **2-11-2021**

Superior Court ☑
State Court ☐

Georgia, ~~MUSCOGEE~~ Fulton COUNTY

RAM Hotel Management, LLC et. al

_____

_____ Plaintiff

VS.

Hartford Fire Insurance Company and City of Alpharetta

_____

_____ Defendant

_____

_____ Garnishee

Attorney's Address

W. Donald Morgan, Jr.
1214 1st Avenue, Ste 204
Columbus, GA 31901

Name and Address of Party to be Served

City of Alpharetta

2 Park Plaza

Alpharetta, GA 30009

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _City of Alpharetta_ personally with a copy of the within action and summons.
_Complaint, Summons, Notice of Deposition, Rule 5.2 Cert., Discovery Requests_

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _City Of Alpharetta_ a corporation by leaving a copy of the within action and summons with _James Drinkard_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _2nd_ day of _March_, 20 _21_

_J McEachin #3129_
DEPUTY

SHERIFF DOCKET _____ PAGE _____

MUSCOGEE COUNTY, GEORGIA

SC-2 Rev.85

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 69]

Civil Action No. 2021CV345760

Date Filed 2-11-2021

Superior Court   Record ☑ 21006570

State Court ☐

Georgia, MUSCOGEE COUNTY
Gwinnett
RAM Hotel Management, LLC et. al

Attorney's Address

W. Donald Morgan, Jr.
1214 1st Ave, Ste. 204
Columbus, GA 31901

Plaintiff

VS.

Hartford Fire Insurance Company and City of Alpharetta

Name and Address of Party to be Served

Hartford Fire Insurance Company

Defendant

289 S. Culver Street

Lawrenceville, GA 30046

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant First Amended Complaint personally with a copy of the within action and summons.

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑  Served the defendant Hartford Fire Insurance Company a corporation by leaving a copy of the within action and summons with Linda Banks in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 9 day of Mar, 20 21.

Jim Cary 50300
DEPUTY

SHERIFF DOCKET _____ PAGE _____

MUSCOGEE COUNTY, GEORGIA
Gwinnett

SC-2 Rev.85

Copy from re:SearchGA

[Notice of Removal, Exhibit A, Page 70]