IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAM HOTEL MANAGEMENT LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-1132-MLB |
| HARTFORD FIRE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
HARTFORD FIRE INSURANCE COMPANY TO
PLAINTIFFS' FIRST AMENDED AND RESTATED COMPLAINT**

Defendant Hartford Fire Insurance Company ("HFIC") files this Answer and

Affirmative Defenses to the First Amended and Restated Complaint ("FAC") of

Plaintiffs RAM Hotel Management LLC, Niravana Hospitality, LLC, Columbus

Hospitality, LLC, RAM Alpharetta Hospitality, LLC, and RajAbhinand Hotel, LLC

(collectively, "Plaintiffs") and states as follows:

**ANSWER TO PLAINTIFFS' ALLEGATIONS**

Any allegations or characterizations in headings or the introduction to the

FAC are denied. Any and all allegations not expressly and specifically admitted in

this Answer are also denied.

## THE PARTIES[1]

1.      The allegations of Paragraph 1 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC admits that the Plaintiffs in this action are Georgia limited liability companies. HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the remaining allegations in Paragraph 1, and therefore denies the same.

2.      The allegations of Paragraph 2 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the remaining allegations in Paragraph 2, and therefore denies the same.

3.      HFIC admits that it is authorized to provide insurance coverage in the State of Georgia. HFIC denies the remaining allegations Paragraph 3.

4.      The allegations of Paragraph 4 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC acknowledges that the City of Alpharetta is a municipality located in Fulton County, Georgia. HFIC denies any remaining allegations in Paragraph 4.

---

[1]      For ease of reference, this Answer uses the headings and subheadings that Plaintiffs included in their FAC. The use of such headings and subheadings is not an admission by HFIC of the truth of any allegations contained in the headings or subheadings. HFIC denies any suggestions implied by the headings and subheadings.

## JURISDICTION

5.      Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 5.

## VENUE

6.      Paragraph 6 asserts legal conclusions to which no response is required. To the extent that a response is required, HFIC admits that it is authorized to provide insurance coverage in the State of Georgia. HFIC denies the remaining allegations in Paragraph 6.

## FACTUAL BACKGROUND

7.      HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC with the Policy Number 20 UUN KL7438 and the policy period April 21, 2019 through April 21, 2020. HFIC admits that Plaintiff RAM Hotel Management, LLC paid a premium for the policy. The terms, conditions, and exclusions of the policy are set forth in the policy. To the extent the allegations in Paragraph 7 are inconsistent with the terms of the policy, HFIC denies same. HFIC denies any remaining allegations in Paragraph 7.

8.      HFIC admits that Plaintiffs attached as Exhibit A to their FAC a schedule purporting to show the ownership of four Georgia hotels. HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from

HFIC. The terms, conditions, and exclusions of the policy are set forth in the policy. To the extent the allegations in Paragraph 8 are inconsistent with the terms of the policy, HFIC denies same. HFIC denies any remaining allegations in Paragraph 8.

9.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC. Paragraph 9 purports to describe a portion of the policy, the terms, conditions, and exclusions of which are set forth in the policy. HFIC denies any remaining allegations in Paragraph 9.

10.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC. Paragraph 10 purports to describe a portion of the policy, the terms, conditions, and exclusions of which are set forth in the policy. HFIC denies any remaining allegations in Paragraph 10.

11.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC. Paragraph 11 purports to describe a portion of the policy, the terms, conditions, and exclusions of which are set forth in the policy. HFIC denies any remaining allegations in Paragraph 11.

12.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC. Paragraph 12 purports to describe a portion of the policy, the terms, conditions, and exclusions of which are set forth in the policy. HFIC denies any remaining allegations in Paragraph 12.

13.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC. Paragraph 13 purports to describe a portion of the policy, the terms, conditions, and exclusions of which are set forth in the policy. HFIC denies any remaining allegations in Paragraph 13.

14.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC. Paragraph 14 purports to describe a portion of the policy, the terms, conditions, and exclusions of which are set forth in the policy. HFIC denies any remaining allegations in Paragraph 14.

15.     HFIC admits that Plaintiff RAM Hotel Management, LLC purchased a business insurance policy from HFIC with the Policy Number 20 UUN KL7438 and the policy period April 21, 2020 through April 21, 2021. HFIC admits that Plaintiff RAM Hotel Management, LLC paid a premium for the policy. The terms, conditions, and exclusions of the policy are set forth in the policy. To the extent the allegations in Paragraph 15 are inconsistent with the terms of the policy, HFIC denies same. HFIC denies any remaining allegations in Paragraph 15.

16.     The allegations of Paragraph 16 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC admits that COVID-19 (caused by the novel coronavirus SARS-CoV-2) is a global pandemic. HFIC is without knowledge or information sufficient to form a reasonable

belief regarding the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

17.     The allegations of Paragraph 17 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     The allegations of Paragraph 18 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     The allegations of Paragraph 19 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC admits that Georgia Governor Brian Kemp declared a state of emergency for the State of Georgia on March 14, 2020, in response to COVID-19. HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     The allegations of Paragraph 20 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC admits that the city of Alpharetta enacted a shelter-in-place ordinance on April 1,

2020, in response to COVID-19. The terms of the ordinance are set forth in the ordinance. HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     The allegations of Paragraph 21 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC admits that the State of Georgia issued a shelter-in-place order on April 2, 2020, in response to COVID-19. The terms of the order are set forth in the order. HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     HFIC denies that COVID-19, the pandemic, or governmental orders issued in response to COVID-19 cause damage to property and denies that Plaintiffs' alleged losses are covered under the policies. HFIC denies the remaining allegations in Paragraph 22.

23.     HFIC admits that on or around April 30, 2020, J. Smith Lanier & Co., a Marsh & McLennan Agency LLC company, provided notice to HFIC of Plaintiffs' purported claims under the policies. HFIC denies the remaining allegations in Paragraph 23.

24.     HFIC admits that on or around May 8, 2020, Monique Hahn sent a letter

on behalf of HFIC to Rinkesh Patel properly denying Plaintiffs' claims for coverage under the policies. The content of the letter speaks for itself. HFIC admits that on or around June 16, 2020, James A. Harris, III sent a letter on behalf of RAM Hotel Management, LLC to Monique Hahn in response to the May 8, 2020, denial letter. The content of the letter speaks for itself. HFIC denies the remaining allegations in Paragraph 24.

25.     HFIC denies the allegations in Paragraph 25 and denies Plaintiffs are entitled to coverage under the policies.

26.     The allegations of Paragraph 26 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 26, and therefore denies the same.

27.     The allegations of Paragraph 27 are not directed at conduct of HFIC, and therefore no response is required. Paragraph 27 also states legal conclusions to which no answer is required. To the extent a response is required, HFIC denies the allegations in Paragraph 27.

## COUNT ONE: DECLARATORY JUDGMENT

28.     HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

29.    Paragraph 29 states legal conclusions to which no answer is required. To the extent an answer is required, HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies the remaining allegations in Paragraph 29. HFIC further denies Plaintiffs are entitled to coverage under the policies and denies that Plaintiffs are entitled to the relief sought, or to any other relief.

30.    Paragraph 30 purports to describe a portion of the policies, the terms, conditions, and exclusions of which are set forth in the policies. To the extent the allegations in Paragraph 30 are inconsistent with the terms of the policies, HFIC denies same. HFIC denies the remaining allegations in Paragraph 30.

31.    HFIC denies that COVID-19, the pandemic, or governmental orders issued in response to COVID-19 cause damage to property and denies that Plaintiffs' losses are covered under the policies. HFIC denies the remaining allegations in Paragraph 31.

32.    Paragraph 32 purports to describe a portion of the policies, the terms, conditions, and exclusions of which are set forth in the policies. To the extent the allegations in Paragraph 32 are inconsistent with the terms of the policies, HFIC denies same. HFIC denies the remaining allegations in Paragraph 32.

33.    Paragraph 33 purports to describe a portion of the policies, the terms, conditions, and exclusions of which are set forth in the policies. To the extent the

allegations in Paragraph 33 are inconsistent with the terms of the policies, HFIC denies same. HFIC denies the remaining allegations in Paragraph 33.

34.    HFIC denies that COVID-19, the pandemic, or governmental orders issued in response to COVID-19 cause damage to property and denies that Plaintiffs' losses are covered under the policies. HFIC denies the remaining allegations in Paragraph 34.

35.    HFIC denies that COVID-19 causes damage to property and denies that Plaintiffs' losses are covered under the policies. HFIC denies the remaining allegations in Paragraph 35.

36.    HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 36, and therefore denies the same.

37.    HFIC is without knowledge or information sufficient to form a reasonable belief regarding the truth of the allegations in Paragraph 37, and therefore denies the same.

38.    HFIC denies the allegations in Paragraph 38 and denies Plaintiffs are entitled to coverage under the policies.

In response to the unnumbered paragraphs beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that

Plaintiffs are entitled to the relief sought, or to any other relief.

## COUNT TWO: BREACH OF CONTRACT

39.     HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

40.     Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 40 and denies Plaintiffs are entitled to coverage under the policies.

41.     Paragraph 41 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 41 and denies Plaintiffs are entitled to coverage under the policies.

In response to the unnumbered paragraph beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that Plaintiffs are entitled to the relief sought, or to any other relief.

## COUNT THREE: BAD FAITH

42.     HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

43.     Paragraph 43 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 43 and denies Plaintiffs are entitled to coverage under the policies.

44.     Paragraph 44 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 44 and denies Plaintiffs are entitled to coverage under the policies.

45.     Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 45 and denies Plaintiffs are entitled to coverage under the policies.

46.     Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 46 and denies Plaintiffs are entitled to coverage under the policies.

In response to the unnumbered paragraph beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that Plaintiffs are entitled to the relief sought, or to any other relief.

## COUNT FOUR: NEGLIGENT, WANTON, AND RECKLESS CONDUCT BY THE CITY OF ALPHARETTA

47.     HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

48.     The allegations of Paragraph 48 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 48.

49.     The allegations of Paragraph 49 are not directed at conduct of HFIC,

and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 49.

50.     The allegations of Paragraph 50 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 50.

51.     The allegations of Paragraph 51 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 51.

52.     The allegations of Paragraph 52 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 52.

In response to the unnumbered paragraph beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that Plaintiffs are entitled to the relief sought, or to any other relief.

## COUNT FIVE: NEGLIGENT, WANTON, RECKLESS, ARBITRARY, AND CAPRICIOUS VIOLATION OF STANDARDS ESTABLISHED BY STATUTORY LAW BY THE CITY OF ALPHARETTA

53.     HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

54.     The allegations of Paragraph 54 are not directed at conduct of HFIC,

and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 54.

55.     The allegations of Paragraph 55 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 55.

56.     The allegations of Paragraph 56 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 56.

In response to the unnumbered paragraph beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that Plaintiffs are entitled to the relief sought, or to any other relief.

## COUNT SIX: DEMAND BY RAM ALPHARETTA HOSPITALITY FOR JUST COMPENSATION FROM THE CITY OF ALPHAR ETTA PURSUANT TO THE CONSTITUTION OF THE STATE OF GEORGIA

57.     HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

58.     The allegations of Paragraph 58 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 58.

59.     The allegations of Paragraph 59 are not directed at conduct of HFIC,

and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 59.

60.    The allegations of Paragraph 60 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 60.

In response to the unnumbered paragraph beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that Plaintiffs are entitled to the relief sought, or to any other relief.

## COUNT SEVEN: DECLARATORY JUDGMENT AGAINST THE CITY OF ALPHARETTA

61.    HFIC restates and incorporates by reference HFIC's responses to the proceeding paragraphs as if fully set forth herein.

62.    The allegations of Paragraph 62 are not directed at conduct of HFIC, and therefore no response is required. To the extent a response is required, HFIC denies the allegations in Paragraph 62.

In response to the unnumbered paragraphs beginning with "WHEREFORE," HFIC admits that Plaintiffs purport to seek the relief specified. HFIC denies that Plaintiffs are entitled to the relief sought, or to any other relief.

## AFFIRMATIVE DEFENSES

HFIC asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action. The statement of any defense herein does not assume the burden of proof for any issue for which the applicable law places the burden of proof on Plaintiffs. No defense is intended to be or may be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs fail to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Strict Proof Demanded)

HFIC denies the material allegations of the FAC and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE
(Virus Exclusion)

The policies contains an exclusion titled "'Fungus', Wet Rot, Dry Rot, Bacteria or Virus" ("Virus Exclusion"). The Virus Exclusion provides in relevant part as follows:

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage: …

g. "Fungus", Wet Rot, Dry Rot, Bacteria or Virus

Presence, growth, proliferation, spread or any activity of "fungus," wet rot, dry rot, bacteria or virus.

But if direct physical loss or direct physical damage to Covered Property by a "Specified Cause of Loss" results, we will pay for the resulting loss or damage caused by that "Specified Cause of Loss".

This Exclusion does not apply:

(1)     When "fungus," wet rot, dry rot, bacteria or virus results from fire or lightning; or

(2)     To the extent that coverage is provided in the Additional Coverage(s) - "Fungus," Wet Rot, Dry Rot, Bacteria or Virus - Limited Coverage with respect to loss or damage by a cause of loss other than fire or lightning.

Form PC 10 10 01 18 at 1–2. The "Additional Coverage(s) – 'Fungus,' Wet Rot, Dry Rot, Bacteria or Virus – Limited Coverage" (referenced in the Virus Exclusion) provide as follows:

15. "FUNGUS", WET ROT, DRY ROT, BACTERIA AND VIRUS - LIMITED COVERAGE

a. The coverage described below only applies when the . . . virus is the result of one or more of the following causes

that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    (1) A "specified cause of loss" other than fire or lightning;

    (2) Equipment Breakdown Accident occurs to Equipment Breakdown Property, if Equipment Breakdown applies to the affected premises; or

    (3) Flood, if the Cause of Loss - Flood endorsement applies to the affected premises.

Form PC 50 60 01 18 at 6.

### 6. "FUNGUS", WET ROT, DRY ROT, BACTERIA AND VIRUS - LIMITED COVERAGE

a. The coverage described below only applies when the . . . virus is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence:

    (1) A "specified cause of loss" other than fire or lightning;

    (2) Equipment Breakdown Accident occurs to Equipment Breakdown Property, if Equipment Breakdown applies to the effected premises; or

    (3) Flood, if the Causes of Loss - Flood endorsement applies to the effected premises.

Form PC 26 02 01 18 at 5. If Plaintiffs sustained any losses, such losses were caused directly or indirectly by the presence, growth, proliferation, spread or any activity of SARS-CoV-2, the novel coronavirus, which is a "virus" under the Virus Exclusion. The coronavirus is not the result of any of the causes listed in "Additional Coverage(s) – 'Fungus,' Wet Rot, Dry Rot, Bacteria or Virus – Limited Coverage". Accordingly, Plaintiffs' claims are barred by the application of the Virus Exclusion.

## FOURTH AFFIRMATIVE DEFENSE
(Two or More Coverages)

The policies contain a General Condition titled "If Two or More Coverages Apply" that provides that "If two or more coverages in this policy apply to the same loss or damage, we will not pay more than the actual amount of loss or damage." Form PC 00 90 01 18 at 2. In the event that two or more coverages of the policies apply to the same loss or damage, HFIC is not obligated to pay more than the actual amount of loss or damage.

## FIFTH AFFIRMATIVE DEFENSE
(Other Insurance)

The policies contains a General Condition titled "Other Insurance" that provides as follows:

> a.    You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion

that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.

b. If there is other insurance covering the same loss or damage, other than that described in **17. a.** above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

Form PC 00 90 01 18 at 3. HFIC's coverage obligations are limited by the terms of the Other Insurance provision in the event that Plaintiffs have other insurance that meets the criteria of the Other Insurance provision.

SIXTH AFFIRMATIVE DEFENSE
(Conditions Precedent and Subsequent)

Plaintiffs' claims may be barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the policies have not been satisfied.

SEVENTH AFFIRMATIVE DEFENSE
(Offset)

HFIC's obligation to Plaintiffs, if any, is subject to offset for recoveries by Plaintiffs from other persons or entities, including, but not limited to, offset by other insurance or coverages.

## EIGHTH AFFIRMATIVE DEFENSE
(Pollution Exclusion)

The policies contains an exclusion titled "Pollutants and Contaminants"

("Pollution Exclusion"). The Pollution Exclusion provides in relevant part:

> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage: …
>
> m. "Pollutants and Contaminants"
>
> (1) Discharge, dispersal, seepage, migration, release or escape of "Pollutants and Contaminants".
>
> (2) But if direct physical loss or direct physical damage to Covered Property by a "Specified Cause of Loss" results, we will pay for the resulting loss or damage caused by that "Specified Cause of Loss".
>
> (3) This Exclusion does not apply if the discharge, dispersal, seepage, migration, release or escape is itself caused by a "Specified Cause of Loss".
>
> (4) This Exclusion does not apply to:
>
>> (a) "Computer Equipment" and "Valuable Papers";
>>
>> (b) Accounts Receivable, Business Travel, Exhibitions, Fine Arts, and Transit Additional Coverages; or
>>
>> (c) The accidental or malicious application of chemicals to glass that is a part of a building, structure or showcase.

Form PC 10 10 01 18 at 1, 3. "Pollutants and Contaminants" are defined as:

> any solid, liquid, gaseous or thermal irritant or
> contaminant, including smoke, vapor, soot, fumes, acids,
> alkalis, chemical and waste, or any other material which
> causes or threatens to cause physical loss, damage,
> impurity to property, unwholesomeness, undesirability,
> loss of marketability, loss of use of property or which
> threatens human health or welfare. Waste includes
> materials to be recycled, reconditioned or reclaimed.

Form PC 00 90 01 18 at 5. Plaintiffs' alleged losses were caused directly or indirectly

by SARS-CoV-2, the novel coronavirus. Plaintiffs' claims may be barred or limited,

in whole or in part, to the extent that the loss or damage alleged is excluded by the

Pollution Exclusion because the coronavirus falls within the definition of a pollutant

and contaminant; because Plaintiffs' alleged losses were not caused by a "specified

cause of loss"; and because Plaintiffs' alleged loss does not involve "physical loss"

or "physical damage".

NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiffs' claims may be barred or limited, in whole or in part, to the extent

that Plaintiffs failed to mitigate damages, if any. Plaintiffs' failure to mitigate

damages would include, but is not limited to:

(a)     the acts or decisions of Plaintiffs and/or agents thereof, to suspend, curtail or otherwise limit business operations on Plaintiffs' Covered Property;

(b)     the acts or decisions of Plaintiffs and/or agents thereof to suspend curtail or otherwise limit business operations on Plaintiffs' Covered Property;

(c)     the acts or decisions of Plaintiffs and/or agents thereof relating to the provision of, or the decision not to provide, goods and/or services to customers remotely; and

(d)     acts or decisions of Plaintiffs relating to the resumption of business operations.

To the extent Plaintiffs failed to take reasonable steps to mitigate Plaintiffs' alleged damages, if any, Plaintiffs should be denied any recovery in this action.

TENTH AFFIRMATIVE DEFENSE
(Good Faith)

HFIC acted reasonably and in good faith at all times, and did not accidentally, negligently, wantonly, recklessly, knowingly, maliciously, fraudulently, or willfully commit any act, or fail to act, or directly or indirectly induce any act or inaction, that created liability to Plaintiffs.

ELEVENTH AFFIRMATIVE DEFENSE
(No Recovery of Attorneys' Fees)

Plaintiffs have no basis in contract, law, or equity to recover costs or expenses,

including attorneys' fees.

TWELFTH AFFIRMATIVE DEFENSE
(No Recovery of Punitive Damages)

The pertinent law does not permit recovery of punitive damages in a dispute

of this nature.

THIRTEENTH AFFIRMATIVE DEFENSE
(No Recovery of Punitive Damages)

Punitive damages cannot be sustained because of the lack of clarity in the

pertinent law for awarding punitive damages.

FOURTEENTH AFFIRMATIVE DEFENSE
(No Recovery of Punitive Damages)

Plaintiffs' claims for the recovery of punitive damages are barred by O.C.G.A.

§ 51-12-5.1.

FIFTEENTH AFFIRMATIVE DEFENSE
(Limits on Recovery of Punitive Damages)

No punitive damages are warranted or allowable that would exceed

comparable maximums established for criminal fines.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Statutory Limits on Recovery of Punitive Damages)

O.C.G.A. § 51-12-5.1 bars Plaintiffs' claims for punitive damages to the extent those claims exceed $250,000, which the Georgia Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this State. The public policy of this State, as established by O.C.G.A. § 51-12-5.1, limits the claims for punitive damages here. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Georgia.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Recovery of Punitive Damages Would Be Unconstitutional)

Plaintiffs' claims for the recovery of punitive damages contravene HFIC's rights under each of these constitutional provisions:

(a)     Article I, § 8, of the United States Constitution, as an impermissible burden on interstate commerce;

(b)     the Contracts Clause of Article I, § 10, of the United States Constitution;

(c)     the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(d)     the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(e)     the constitutional prohibition against vague and overbroad laws;

(f)     the prohibition against ex post facto laws in Article I, § 1, para. X, of the Georgia Constitution;

(g)     the Contracts Clause of Article I, § 1, para. X, of the Georgia Constitution;

(h)     the Due Process Clause of Article I, § 1, para. I, of the Georgia Constitution; and

(i)     the Equal Protection Clause of Article I, § 1, para. II, of the Georgia Constitution.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>
(Limits on Recovery of Punitive Damages)

To the extent Plaintiffs assert a claim for punitive damages, HFIC specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

### NINETEENTH AFFIRMATIVE DEFENSE
(Limits on Recovery of Multiple Punitive Damages Award)

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same alleged act or omission against HFIC, this award would contravene HFIC's right to due process under Article 1, § 1, para. I, of the Georgia Constitution. In addition, such award would infringe upon HFIC's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, § 1, para. XVIII, of the Georgia Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Coverage)

Plaintiffs' claims are barred because there is no coverage under the policies for the damages claimed by Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Damages)

HFIC asserts that Plaintiffs have suffered no damages for which they have a legal remedy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Parol Evidence Rule)

Plaintiffs' claims are barred by the parol evidence rule to the extent Plaintiffs attempt to offer an interpretation of the policies outside of their four corners.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Limitations Imposed by O.C.G.A. § 33-4-6)

O.C.G.A. § 33-4-6 limits, and provides the exclusive remedy for, any recovery

of damages in excess of compensatory or actual damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(O.C.G.A. § 33-4-11 Not Applicable)

O.C.G.A. § 13-6-11 does not permit any award or recovery of attorneys' fees,

costs, and/or expenses in this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the FAC, HFIC prays that this Court:

    a)    deny the relief sought in the FAC;

    b)    dismiss the FAC in its entirety with prejudice;

    c)    enter judgment in favor of HFIC, and against Plaintiffs;

    d)    award HFIC its costs and expenses, including attorneys' fees; and

    e)    award HFIC such other and further relief as the Court deems just and proper.

Dated: March 26, 2021          Respectfully Submitted,

/s/ *Christopher Frost*

Christopher C. Frost
  Georgia Bar No. 101084
  cfrost@maynardcooper.com
Caleb C. Wolanek
  *Pro Hac Vice* Intended
  cwolanek@maynardcooper.com
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999

Sarah D. Gordon
  *Pro Hac Vice* Intended
  sgordon@steptoe.com
William L. Drake
  *Pro Hac Vice* Intended
  wdrake@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
T: (202) 429-3000
F: (202) 429-3902

*Attorneys for Defendant*
*Hartford Fire Insurance Company*

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer and Affirmative Defenses was served on

the following by placing a copy of the same in the United States Mail, first-class

postage prepaid and properly addressed, this 26th day of March, 2021:

> W. Donald Morgan, Jr.
> Alston Lyle
> MORGAN & LYLE, P.C.
> P.O. Box 2056
> 1214 First Avenue, Suite 204
> Columbus, GA 31902
> T: (706) 221-5286
> F: (706) 221-5066
> dmorgan@morganandlyle.com
> alyle@morganandlyle.com
>
> James A. Harris, III
> Clyde O. Westbrook, III
> HARRIS & HARRIS, LLP
> Shipt Tower, Suite 2450
> 420 20th Street North
> Birmingham, AL 35203
> T: 205-871-5777
> F: 205-871-0029
> jamey@harris-harris.com
> tres@harris-harris.com
>
> *Attorneys for Plaintiffs*

/s/ *Christopher C. Frost*
Of Counsel